LEVI WEAVER *vs.* WILLIAM BOGGS.

*Suit on Judgment rendered in another State—Cannot be maintained where the Judgment, after standing twenty years, is revived by Scire facias without Notice to the defendant.*

A suit cannot be maintained in the Courts of this State, upon a judgment of a Court of another State, rendered upon returns of *nihil* to two successive writs of *scire facias*, issued to revive a judgment in the foreign Court, of more than twenty years standing, where the defendant in the original judgment had, for more than twenty years next before the issuing of the writs, resided in this State, out of the jurisdiction of the Court that rendered the judgment, and had no notice of such writs.

APPEAL from the Baltimore City Court.

The facts of the case are sufficiently stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, MILLER and ALVEY, J.

*H. E. Johnson and Wm. S. Waters*, for the appellant.

No judgment of another State can be enforced in this State against a citizen resident here, unless the Court

rendering the judgment has acquired jurisdiction over the defendant by actual service of process upon him. The judgment may be perfectly valid in the jurisdiction where rendered and enforced there, but without this requisition, it cannot be enforced here. The law which substitutes constructive notice for actual notice is binding upon persons domiciled within the State where such a law prevails, but can bind no one beyond its limits. *Wharton's Con. of Laws*, 792, 812; *Story's Con. of Laws, secs.* 539, 540, 546, 547; *Shaw vs. Gould, Law Reports,* 3 *Eng. and Irish Appeals,* 55, 81; *Bischoff vs. Wethered,* 9 *Wall.,* 812; *Kerr vs. Kerr,* 41 *N. Y.,* 275; *Webster vs. Reid,* 11 *How.,* 460; *Boswell's Lessee vs. Otis,* 9 *How.,* 350; *Kilburn vs. Woodworth,* 5 *John.,* 40; *Robinson vs. Ward,* 8 *John.,* 86; *Bissell vs. Briggs,* 9 *Mass.,* 464; *Fenton vs. Garlick,* 8 *John.,* 194.

This rule is based upon international law, and upon that natural protection which every country owes to its own citizens. It concedes the jurisdiction of the Court to the extent of the State where the judgment is rendered, but upon the principle that it would be unjust to its own citizens to give effect to the judgment of a foreign tribunal against them when they had no opportunity of being heard, its validity is denied. This is perfectly consistent with the Constitution of the United States, determining the validity of judgments in the several States.

This case comes within the scope of the above proposition.

1st. A writ of *sci. fa.,* although a judicial writ to enforce a record of which the Court who issues it is in possession, is nevertheless considered in law an action and in the nature of a new original. This is so because the defendant may plead thereto; the writ requires the party to be affected by it to have notice and appear and show cause in his defence. *Evans' Pr., (Old Ed.,)* 171; 5 *Com. Dig., T. N. Pl.,* 3 *L* , 3; 1 *T. R.,* 267, 388; *Pulteney vs.*

Weaver *vs.* Boggs.

*Townson*, 2 *Black.*, 1227 ; 1 *How.* (*Miss.*,) 267; *Batchelor vs. Ellis*, 7 *D. & E.*, 337 ; *Co. Lit.*, *sec.* 505, *folio* 290 *b.* & 291 ; 2 *Tidd's Pr.*, 1090 ; *Foster on Sci. Fa.*, 73 *L. L.*, 5, 6, 13, 252 ; *Sabine vs. Field*, 1 *Cr. & M.*, 466.

2nd. It is so far an original suit that it requires a new appearance for defendant, and an authority to appear in the original suit is not sufficient to authorize an appearance to the *sci. fa.*    2 *Tidd's Pr.*, 1090 ; 1 *Tidd's Pr.*, 94 ; 10 *Cl. & Fin.*, 319.

3rd. The fiat is a new judgment and a new record.— *Ibid.    Mullikin vs. Duvoll*, 7 *Gill & John.*, 355 ; *Holmes vs. Newland*, 5 *Q. B.*, 370.

4th. The original judgment in this case being over twenty years old, by presumption of law was paid, and upon a *sci. fa.*, without any plea in reference to its age, the burden of proof would be upon the plaintiff to show that it was not paid.

In England, in view of the injustice of entering a judgment of any considerable age upon the return of two *nihils*, there are provided modes of guarding against abuse. *McElmoyle vs. Cohen*, 13 *Pet*, 327 ; *Foster on Sci. Fa.*, 73 *L. L.*, 355 ; *Coke vs. Humphreys*, 14 *Searg. & Rawle*, 15.

5th. The judgment of fiat upon two *nihils* has always been considered unfair, and Courts will, where it is possible, relieve against it.    There was no notice to the appellant.

Writs of *sci. fa.* form no exception to the general rule, and although the return of two *nihils* is equivalent to notice in the jurisdiction which renders the judgment, yet it is not so considered in another jurisdiction where such judgment is sought to be enforced.    See previous cases and *Kilburn vs. Woodworth*, 5 *John.* 40 ; *Robinson vs. Ward*, 8 *John.*, 86 ; *Fenton vs. Garlick*, 8 *John.*, 194 ; *Foster on Sci. Fa.*, 73 *L. L.*, 365, 14 ; *Jac. Law Dic.*, *Title Sci. Fa.*; 2 *Wms. Saund.*, 72 (*v*) *note;* 2 *Tidd's Prac.*,

1105; *Starr vs. Heckart & Young*, 32 *Md.*, 267; *M'Cormack vs. Deaver*, 22 *Md.*, 193; *Wernwag vs. Pawling*, 5 *G. & J.*, 510.

*William A. Fisher*, for the appellee.

No difficulty was presented by the lapse of time, and limitations had not intervened, even if the question could now be made after judgment on the *scire facias*. *Lesley vs. Nones*, 7 *Searg. & Rawle*, 409; *Chambers vs. Carson*, 2 *Wharton*, 365; *Chambers vs. Carson*, 2 *Wharton*, 9; *Compher vs. Anawalt*, 2 *Watts*, 490; 1 *Tidd's Pr.*, (16.)

No other notice than two returns of *nihil* was necessary. This is the law of Pennsylvania, and the common law. *Chambers vs. Carson*, 2 *Wharton*, 365.

The *scire facias* re-invest the judgment with all the attributes of the original judgment.—*Moore vs. Garretson*, 6 *Md.*, 448. The *scire facias* on a judgment is a judicial writ applicable only to cases in which the Court had once acquired jurisdiction. 2 *Tidd's Pr.*, 1090; *Underhill vs. Devneux*, 2 *Wms. Saunders*, 72 *F. note.*

It is conceded that the Court acquired jurisdiction of the person of the appellee to render the judgment in 1836. Such being the case, it had jurisdiction of the cause until satisfaction of the judgment, and no new *personal* service was necessary to give the Court power to do any further act in the cause; it had forever jurisdiction over the person and the subject. Certainly if Weaver had remained in Pennsylvania, it could not be denied that the judgment on the *scire facias* would be sufficient after two returns of *nihil*—because it was an attribute of the original judgment itself, that it might be perpetuated indefinitely by means of such issue and return, and to deny to such judgment on the *scire facias* the same validity in Maryland that it had in Pennsylvania is to deny to it that "full faith and credit," which the Constitution of the United States guarantees to it.

The *scire facias* is in the nature of an action, as the defendant may plead to it, but it is still only a *judicial* writ. *Foster on Sci. Fa.*, 73 *Law Lib.*, (13); 2 *Tidd's Prac.*, (1090.)

It does not partake of the nature of an *original* writ. 1 *Tidd's Prac.*, (16); *Crepps vs. Durden*, 1 *Smith's L. Cases*, (816,) (820-821.)

Miller, J., delivered the opinion of the Court.

The cause of action stated in the declaration in this case is a judgment rendered against the appellant in favor of the appellee in the Court of Common Pleas, Lancaster County, Pennsylvania, on the 26th of April, 1869. The defendant pleaded, among other pleas, that he was never served with, nor had any notice of any process in the action in which the alleged judgment was recovered. The plaintiff replied and relied upon returns of *nihil* to two successive writs of *scire facias* upon a judgment recovered by him against the defendant in the said Court of Common Pleas in 1836, and judgment after such returns of *nihil* in 1869. The defendant rejoined, first that the judgment alleged in the replication as recovered in 1836, was rendered more than twenty years before the issuing of said writs of *scire facias*, and second, that the defendant was a citizen of Maryland, and had resided therein continuously for more than twenty years next before the alleged writs were issued, and hath since resided in Maryland, and had no actual notice of said writs, or either of them. The plaintiff demurred to these rejoinders, and the Court below sustained the demurrer, and gave judgment thereon in favor of the plaintiff.

The question thus presented by the pleadings is, can a suit be maintained in the Courts of this State upon a judgment of a Court of another State, rendered upon returns of *nihil* to two successive writs of *scire facias* issued to revive a judgment in the foreign Court of more

than twenty years standing, where the defendant in the original judgment had, for more than twenty years next before the issuing of the writs, resided in this State out of the jurisdiction of the Court that rendered the judgment, and had no notice of such writs? The same question is presented by the rejection of the defendant's prayer in the third exception, and substantially also by the ruling in the second exception. In this last mentioned exception there is an agreement that the decisions of the State Courts of Pennsylvania shall be read as evidence of the law of that State applicable to the case, and from that agreement we infer that this Court is at liberty to consider the Pennsylvania decisions not simply as *authorities*, but as *evidence*, and apply them as such in this case so far as may be necessary in the determination of the question before us.

Upon looking to those decisions we find there is in that State no period of limitations prescribed *by statute* for the bringing of actions upon judgments, yet it has been distinctly announced as the law there, that if a judgment be suffered to stand for *twenty years* with no steps in the meantime taken to revive it or keep it alive, in part payment, and no explanation or accounting for the delay, it is *presumed* to be satisfied, and in such case that presumption is a *presumption of law*, and the fact of *actual* payment and satisfaction is not to be submitted as an open question for the belief of a jury. *Cope vs. Humphreys*, 14 *Seargt. & Rawle*, 15. We have neither seen nor been referred to any decisions of the Courts of that State establishing the law differently.

It is well settled that a judgment obtained in a Court of one State cannot be enforced in the Courts and against a citizen of another, *unless* the Court rendering the judgment has acquired jurisdiction over the defendant by actual service of process upon him, or by his voluntary appearance to the suit and submission to that jurisdiction.

Such a judgment may be perfectly valid in the jurisdiction where rendered, and enforced there even against the property, effects, and credits of a non resident defendant there situated, but it cannot be enforced or made the foundation of an action in another State. A law which substitutes constructive for actual notice is binding upon persons domiciled within the State where such law prevails, and as respects the property of others there situated, but can bind neither person nor property beyond its limits. This rule is based upon international law, and upon that natural protection which every country owes to its own citizens. It concedes the jurisdiction of the Court to the extent of the State where the judgment is rendered, but upon the principle that it would be unjust to its own citizens to give effect to the judgments of a foreign tribunal against them when they had no opportunity of being heard, its validity is denied. This doctrine is in no wise affected by the provision of the Constitution of the United States and the Acts of Congress passed in pursuance thereof, that "full faith and credit shall be given in each State to the public Acts, records and judicial proceedings of every other State; and the Congress may by general laws, prescribe the manner in which such Acts, records and judicial proceedings shall be proved, *and the effect thereof.*" The State Courts have uniformly so determined, and the Supreme Court of the United States has fully confirmed the correctness of such decisions. *D'Arcey vs. Ketchum, et al.,* 11 *Howard,* 165. This rule has been enforced in numerous instances and against judgments obtained without notice under various laws and in various modes. Its application is to be determined by the circumstances of each case as it arises. No decision has been cited applying the rule to a judgment of revivor or *fiat* on returns of *nihil,* without actual service or notice, to writs of *scire facias* issued and returned while the defendant was a citizen and resident of another State,

where jurisdiction to render the *original judgment* was duly acquired by service of process upon him. Some analogy to a case of that character, though remote, may, perhaps, be found in *Robinson vs. Ward,* 8 *Johns.*, 67, and *Fenton vs. Garlick, Ibid.*, 150. But the fact that no decision to that effect has hitherto been made, does not prove that no *such case can arise* so as to fall within the operation of the rule. In our opinion the present is one that falls within, and demands enforcement of the rule. That the judgment on the *scire facias* was rendered without actual notice or service of the writ cannot be disputed, and whatever force there may be in the argument that a *scire facias* is a judicial, and not an original writ, and that when a defendant has once been summoned to attend a Court he is never discharged from the obligation to be there and respond to its orders, until he has been formally discharged without day, or has satisfied the duties imposed upon him by the judgment, when applied to a case where the *scire facias* is issued before the presumption of satisfaction of the judgment from lapse of time has arisen, it has none when applied to a case like this. Here the record of the foreign judgment shows (and in this respect shows nothing more) that the original judgment was rendered in September, 1836, and the first writ of *scire facias* was issued thereon in December, 1868, more than thirty-two years after its rendition. The defendant for thirty years next before the issuing of this writ and up to the time this suit was instituted, was a resident and citizen of this State. At the time it was revived or attempted to be revived, the judgment was presumed to be satisfied by the law of the State where it was rendered, and the obligation of the defendant to be there and respond to it had presumptively ceased. If he had appeared in the Pennsylvania Court and pleaded to this writ as he could have done if he had received notice of it, he would there have had a complete defence against the judgment

on the *scire facias*, which is here made the foundation of the action against him. If this action had been brought (as it might have been) upon the original judgment it would have been met by the flat bar of our statute of limitations which had *nearly thrice* run against it. It is very obvious the plaintiff resorted to this method of reviving the judgment in a foreign jurisdiction by means of returns of *nihil*, as a substitute for, and without actual notice or service of the writs, for the very purpose of evading or avoiding the provisions of the laws of this State, which justly afford its citizens protection against such stale and antiquated demands. We have no hesitation in applying and enforcing in this case the rule to which we have adverted, and in treating this judgment as one rendered without notice or service of process, and of no validity as the foundation of an action here, whatever may be its effect in the State where it was rendered, or upon the property of the defendant, if any, there situated.

It is also a matter proper perhaps to be noticed, that the judgment on the *scire facias* appearing in the record is not in the usual form, that the plaintiff *have his execution* of the original judgment for the debt and damages thereby recovered. It is thus stated, "April 26th, 1869, judgment in open Court for plaintiff against the defendant, for want of an appearance for the defendant, for the sum of one thousand one hundred and eight dollars and ninety-nine cents, ($1,108.99.") In form it is a judgment by default, and not of revivor, or *fiat executio*. It is only by calculation that it is made to appear that the sum for which it is rendered, is the amount of the original judgment with interest thereon from the date of its rendition. We do not however lay stress upon this circumstance, but rest our decision upon the grounds already stated, assuming the judgment on the *scire facias* to be in proper form as one reviving or directing *fiat executio* of the original judgment.

Nor do we deem it necessary to enter into an extended examination of the nature and office of the writ of *scire facias* in such cases and of the judgment founded thereon, about which much was said in argument.   In this State, it is clearly settled that though it is a *judicial* process, yet it so far partakes of the *nature of an action,* that the defendant may appear and plead to it in the same manner as to an action founded upon an *original* writ, and the judgment thereon is considered a *new judgment,* having all the attributes of the original, upon which the *scire facias* was founded.    *Mulliken vs. Duvall,* 7 *G. & J.,* 355; *Johnson, Garn. of Cowan vs. Lemmon,* 37 *Md.,* 336.

From the views expressed, it follows there was error in the judgment on the demurrer, and in the ruling in the third exception, for which the judgment appealed from must be reversed.    As this effectually disposes of the case, no opinion need be expressed upon the further question presented by the other exceptions, whether the record was properly admitted in evidence under the plea of *nul tiel record.*

*Judgment reversed.*

(Decided 25th June, 1873.)