AUGUSTIN I. AMBLER

v.

RODNEY M. WHIPPLE.

*Debt—Action of—Limitations—Judgment.*

In an action of debt on a judgment of a court of record of another State, this court holds that the same was barred by the statute of limitations.

[Opinion filed June 2, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Messrs. A. I. AMBLER *pro se*, HENRY DECKER, HENRY BOOTH, and JAMES R. DOOLITTLE, for appellant.

Messrs. STILES & LEWIS, for appellee.

GARNETT J.    This action of debt was brought by appellant on the 17th day of July, 1885, on a judgment rendered June 17, 1880, by the Supreme Court of the District of Columbia, against appellee and Thomas S. Dickinson. Appellee alone having been served with process, appeared and set up among other defenses, that the cause of action did not accrue within five years before this suit was commenced. Briefly stated, the real controversy is whether the judgment sued on is one of

the causes of action described in Sec. 15, Chap. 83, Rev. Stat. If it is, the right of action was barred one month before this suit was commenced.

Construing this section of the statute in Bemis v. Stanley, 93 Ill. 230, which was an action on a judgment rendered in Ohio, the decision of the court was: " Our view of the question is, that Section 15 is broad enough to embrace the judgment sued upon in this case; that the suit on the judgment is a civil action not otherwise specially provided for, and hence, barred in five years by the terms and conditions of the statute." Jefferson v. Alexander, 84 Ill. 278, decides that the judgment of a court of record is an instrument of writing, a copy of which is required by the Practice Act to be filed with the declaration in a suit on the judgment. If it is an instrument in writing, it would also seem to be an evidence of indebtedness in writing, and governed by Sec. 16, Chap. 83, which makes the limitation for indebtedness of that character ten years, and thus an apparent conflict arises between Jefferson v. Alexander, and Bemis v. Stanley. The latter, however, is the latest declaration of the law, and mature consideration has not convinced us that this court should depart from the law, as there held, although new reasons are presented for a contrary holding which do not appear to have been then considered.

Under such circumstances, while we may entertain strong doubts, we think it more consistent with the duty of a subordinate court to leave the question for the court of final resort.

The judgment is affirmed. *Judgment affirmed.*