Robb v. Anderson.

John D. Robb and Eliza Robb

v.

J. C. Anderson.

*Judgments and Decrees—Judgment of Another State—Limitations— Revival of Judgment upon Writ of Sci. Fa.—Return of Nihil.*

1. Five years is the period of limitation in this State to an action on the judgment of another State.

2. Judgments by default on returns of *nihil* upon writs of *sci. fa.*, to revive judgments against defendants who had ceased to reside in the States where such judgments were entered, will not support actions against such defendants in another State.

[Opinion filed January 14, 1892.]

Appeal from the Superior Court of Cook County; the Hon. Kirk Hawes, Judge, presiding.

Messrs. Cratty Bros. & Aschcraft, for appellants.

Messrs. C. C. Bonney and Lyman M. Paine, for appellee.

Gary, J. This case was submitted to us for decision at the October term, 1890, but the determination of it has been deferred, awaiting the reconsideration by the Supreme Court of the question whether five years is the period of limitation

upon the judgment of another State. That question has now been again decided in the affirmative in Ambler v. Whipple, 28 N. E. 841, on appeal from this court. It is reported here in 37 Ill. App. 22.

On the 7th of December, 1875, the appellants recovered against the appellee a judgment in the Court of Common Pleas in Allegheny County, Pennsylvania, for the sum of $2,212,93. It is only by comity that the record produced can be said to be the record of judgment. The operative words are, " Dec. 7th, 1885, judgment against defendant in default *sec. reg.* for twenty-two hundred and twelve and ninety-three one-hundredths dollars ($2,212.93)."

Such a record of a court in this State would hardly pass as a judgment. Martin v. Barnhardt, 39 Ill. 9; Faulk v. Kellums, 54 Ill. 188.

The appellee came to this State in 1877, and has from that time continued to reside here. On the 19th of May, 1885, after returns of *nihil* on three writs of *scire facias*, another entry on the record of the Court of Common Pleas is: "Judgment against defendant in default *sec. reg.* for three thousand one hundred and sixty-five and thirty-five one hundredths dollars ($3,165.35)."

It appears to be at least the occasional practice in Pennsylvania, to enter upon a *sci. fa.* to revive a judgment, what is there called a judgment *quod recuperet*, instead of that the plaintiff have execution, as in other jurisdictions. Yates' Pl. 646; 2 Harris, Ent. 361.

It is not necessary to state the pleadings at length. The plea of five years limitation is a bar to the judgment of 1875, and the judgment of 1885 has no effect out of the State of Pennsylvania.

To the latter point in principle, Warren v. McCarthy, 25 Ill. 83, applies, and the identical question has been decided in Hepler v. Davis, 49 N. W. (Neb.) 458, and in Weaver v. Boggs, 38 Md. 255, the latter of which cases is cited as authority in Grover v. Radcliffe, 137 U. S. 287. Without searching for other authority, the decisions of the Supreme Courts of Maryland and Nebraska, that judgments by default on returns

of *nihil,* upon writs of *sci. fa.* to revive judgments against defendants who had ceased to reside in the States where such judgments were entered, would not support actions against such defendants in another State, and the approval of that doctrine by the Supreme Court of the United States warrants us in adopting it, and affirming the judgment of the Superior Court which followed it.

*Judgment affirmed.*