## GREEN *v.* SNYDER.

### (*Nashville.* December Term, 1904.)

1. **NONRESIDENT.** Process may be served upon agent of, when.
   Whenever a corporation, company or individual has an office or
   agency or resident director in any county other than that in
   which the chief officer or principal resides, the service of pro-
   cess may be made upon any agent or clerk in all actions
   brought against such corporation, company or individual in
   that county.

   Code cited and construed: Secs. 4516, 4542-4546 (S.); secs.
   3516, 3539 (M. & V.); secs. 2811, 2834 (T. & S. and 1858).

2. **SAME.** Same. Not confined to suits arising in county.
   And such service is not confined to suits growing out of business
   carried on in that county by such nonresident corporation,
   company or individual, but extends to its business and transac-
   tions generally.

   Cases cited and approved: Toppins v. Railroad, 5 Lea, 604; Rail-
   road v. Walker, 9 Lea, 481.

3. **ATTACHMENT.** Not to be resorted to when personal ser-
   vice can be had.
   Attachment of property is not the ordinary mode of obtaining jur-
   isdiction, but it is extraordinary, and not to be resorted to when
   personal service can be had in order to obtain such jurisdiction.
   Code cited and construed: Sec. 5284 (S.); sec. 4265 (M. & V.);
   sec. 3524 (1858).

   Case cited and approved: Turcott v. Railroad, 101 Tenn., 105.

4. **STATUTE OF LIMITATIONS.** Bars action, when. Case in
   judgment.
   An action for damages for personal injuries alleged to have been
   inflicted December 27, 1900, was brought May 12, 1902, by the

Green v. Snyder.

issuance and levy of an original attachment, in lieu of personal service of process, on the ground that defendant was a non-resident of Tennessee. Defendant pleaded in abatement to the attachment that, although he did not reside in Tennessee, he had, continuously and without interruption, between the date of the injury and the time suit was begun, carried on business and had an office and agents and representatives in the county where the suit was brought. A demurrer to this plea was sustained by the court below. Defendant then pleaded, among other defenses, the statute of limitations.

*Held*:

1. That the demurrer to the plea in abatement was improperly sustained; and,

2. That, if the averments of the plea in abatement are true, the plaintiff might at any time have brought his suit and had personal service upon an agent of defendant, and failing to do so within one year after the injury, no recovery can be had over defendant's plea of the statute.

---

FROM DICKSON.

---

Appeal in error from the Circuit Court of Dickson County.—B. D. BELL, Judge.

M. SAVAGE and H. N. LEECH, for Green.

W. B. LEECH, for Snyder.

MR. JUSTICE WILKES delivered the opinion of the Court.

This is an action for damages for personal injuries. The injuries were alleged to have been inflicted December 27, 1900, and the suit was brought May 12, 1902, by the issuance and levy of an original attachment in lieu of personal service of process, and upon the ground that Martin Snyder, trustee, was a nonresident of Tennessee.

Defendant pleaded in abatement that, while he did not reside in Tennessee, yet he had, when the injury occurred and when the suit was brought, and without interruption, but continuously between those dates, an office and place of business in Dickson county, Tennessee; that the suit grew out of the business carried on in that county; that he had at said place of business superintendents, agents, clerks, bookkeepers, and representatives, which fact was well known to the plaintiff; and that service could at any time have been made upon him through these agents; and hence no action by attachment would lie.

The plaintiff demurred to this plea, and the demurrer was sustained. Defendant sought to appeal, but this was denied him.

Defendant then pleaded to the action, and among other defenses, set up the statute of limitations, proceeding upon the theory that plaintiff might at any time have brought his suit, and had personal service

upon any of his agents, and, failing to do so within one year after the injury, the action was barred.

We are of opinion that under the provisions of our statute (Shannon's Code, secs. 4516, 4542-4546), whenever a corporation, company, or individual has any office or agency or resident director in any county other than that in which the chief officer or principal resides, the service of process may be made upon any agent or clerk in all actions brought against such corporation, company, or individual; and this has been construed to extend to its business and transactions generally. *Toppins* v. *Railroad,* 5 Lea, 604; *Railroad* v. *Walker,* 9 Lea, 481.

Attachment of property is not the ordinary mode of obtaining jurisdiction, but it is extraordinary, and not to be resorted to when personal service can be had in order to obtain such jurisdiction.

Of course, attachment may be resorted to upon any of the grounds pointed out in the statute for its issuance, but we are referring to it simply and alone as a means of executing process and bringing a person into court; that is, when it is in lieu of personal service to obtain jurisdiction. Shannon's Code, sec. 5284.

This being so, the demurrer to the plea was improperly sustained.

If the fact was as stated in the plea, then the court could not acquire jurisdiction of the defendant by an attachment, but only by personal service; just as no attachment would lie against a resident upon whom per-

sonal service could be had. *Turcott* v. *Railroad*, 101 Tenn., 105, 45 S. W., 1067, 40 L. R. A., 768, 70 Am. St. Rep., 661.

In addition if the facts stated in the plea are true, the action of plaintiff is barred by the statute of limitation, and no recovery could be had over defendant's plea of the statute

The judgment of the court below, sustaining the demurrer, is overruled, and the cause remanded for issue upon the plea and further proceedings.

Appellee will pay the costs of appeal.