BERNARD FLEXNER, Appellant, vs. JOHN FARSON, JR.,
et al.—(WILLIAM FARSON, Appellee.)

Opinion filed June 24, 1915.

1. JURISDICTION—the State cannot exercise jurisdiction over a
person not within its territory. Every State possesses exclusive
jurisdiction and sovereignty over persons and property within its
territory, but no State can exercise direct jurisdiction and au-
thority over persons and property not within its territory.

2. SAME—what necessary to render jurisdiction of State court
effectual. To render the jurisdiction of a State court effectual in
any case it is necessary that the thing in controversy or the par-
ties interested be subjected to the process of the court.

3. SAME—extent of the "full faith and credit" provision of the
Federal constitution. The provision of the Federal constitution
requiring each State to give full faith and credit to the judicial
proceedings of every other State does not preclude the courts of
one State from inquiring into the jurisdiction of the court of the
State where the judicial proceedings were had.

4. SAME—effect where individual or partnership does business
in a foreign State. By doing business in a foreign State an indi-
vidual submits the property which he sends into the foreign State
to the jurisdiction of its courts, but he does not submit himself to
the jurisdiction of such courts in personal actions by service of
process on his agent; and the same rule applies to partnerships.

5. SAME—State statute providing for service on agent of non-
resident partnership is invalid. A State statute which authorizes
a personal action to be brought against a non-resident partnership
by service of summons upon an agent of the partnership is in
conflict with the Federal constitution, and a judgment so recov-
ered in a foreign State against an Illinois partnership will not be
enforced by the courts of Illinois.

6. PARTNERSHIP—partnership is not legal entity distinct from
the persons composing it. The theory that a partnership is a legal
entity distinct and separate from the persons composing it is not
recognized by the courts of Illinois or of the United States.

APPEAL from the Circuit Court of Cook county; the
Hon. BENJAMIN W. POPE, Judge, presiding.

J. S. LAURENT, and RALPH D. STEVENSON, for ap-
pellant.

BUSBY, WEBER, MILLER & ROBINSON, ALFRED W. CRAVEN, and ARTHUR J. DONOVAN, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action of debt brought by appellant, Bernard Flexner, in the circuit court of Cook county, on a judgment rendered by the circuit court of Jefferson county, Kentucky, against Farson, Son & Co. and in favor of appellant. Service was had upon appellee, William Farson, only, the other members of the partnership not being found. To the amended declaration, containing one count, William Farson filed eight pleas. Appellant filed a general demurrer to these pleas, which was overruled by the court and judgment of *nil capiat* and costs to the appellee was entered, appellant electing to stand by his demurrer. From that judgment this appeal was taken direct to this court on the ground that Federal constitutional questions were involved.

In the original suit brought in the Kentucky court the service upon appellee was only by serving the alleged agent of Farson, Son & Co., Washington Flexner. The Kentucky circuit court held such service good under section 51 of the civil code of that State, which reads in part: "In actions against an individual residing in another State, or a partnership, association or joint stock company the members of which reside in another State engaged in business in this State, the summons may be served on the manager or agent of, or person in charge of, such business in this State, in the county where the business is carried on or in the county where the cause of action occurred."

The first and principal question argued in the briefs is whether service on an agent of a partnership, under this section of the Kentucky civil code, violates the United States constitution as to due process of law.

The several States of the Union are not in every sense independent, as many of the rights and powers which

originally belonged to them are now vested in the Federal government under the constitution, but they possess and exercise the authority of independent States except in so far as limited by that constitution. Every State possesses exclusive jurisdiction and sovereignty over persons and property within its territory, but no State can exercise direct jurisdiction and authority over persons and property without its territory. To render the jurisdiction of any State court effectual in any case it is necessary that the thing in controversy or the parties interested be subjected to the process of the court. "Certain cases are said to proceed *in rem* because they take notice rather of the thing in controversy than of the persons concerned, and the process is served upon that which is the object of the suit without specially noticing the interested parties, while in other cases the parties themselves are brought before the court by process. * * * Where a party has property in a State and resides elsewhere, his property is justly subject to all valid claims that may exist against him there; but beyond this, due process of law would require appearance or personal service before the defendant could be personally bound by any judgment rendered." Cooley's Const. Lim. (6th ed.) 496, 499; see, also, 2 Black on Judgments, sec. 906; 2 Freeman on Judgments, (4th ed.) secs. 564-567; *Louisville and Nashville Railroad Co.* v. *Nash,* 118 Ala. 477; *Beaver* v. *Boggs,* 38 Md. 255; *Brooks* v. *Dun,* 51 Fed. Rep. 138.

In some of the early Federal cases, before the passage of the fourteenth amendment, under the provision of the constitution requiring that "full faith and credit shall be given, in each State, to the public acts, records and judicial proceedings of every other State," it was assumed that by the act of Congress such records and proceedings, when properly authenticated, would be entitled to such faith and credit within every court as they had by law or usage in the courts of the State in which entered. But the United

States Supreme Court has now held that this provision of the Federal constitution, construed in connection with said act of Congress, shall only be applicable "when the court rendering the judgment had jurisdiction of the parties and of the subject matter, and not to preclude an inquiry into the jurisdiction of the court in which the judgment was rendered or the right of the State itself to exercise authority over the person or the subject matter." (*Pennoyer* v. *Neff*, 95 U. S. 714.) In this last case it was held that a personal judgment was without validity if it was rendered by a State court against a non-resident of the State who was served by publication and no personal service in the State was made and he did not appear; that a State having within her territory property of a non-resident may hold it to satisfy claims of her citizens against him; that her tribunals may inquire into his obligations to the extent necessary to control the disposition of that property, but if he has no property in the State there is nothing upon which her tribunals can adjudicate. It was further held in that case that substituted service by publication, or in any other authorized form, is sufficient to inform a non-resident of the object of the proceedings taken, where property is once brought under the control of the court by seizure or some equivalent act, but where suit is brought to determine the rights and obligations of the persons,—that is, where the suit is merely *in personam,*—such constructive service is ineffectual for any purpose.

Counsel for appellant concede this to be the general rule and state that they do not claim that a judgment rendered without either personal service, or process upon the defendant within the jurisdiction, or entry of appearance by attorney or otherwise, would be valid unless the defendant may be considered to have assented to some other mode of service. They argue, however, that by doing business in Kentucky at the time said section 51 above quoted was in force, the appellee and his partners impliedly assented and

agreed that in suits growing out of such business process might be served upon them under and in accordance with the provisions of said statute, relying to uphold this contention very largely upon the following statement in the opinion in *Pennoyer* v. *Neff, supra,* (p. 735): "Neither do we mean to assert that a State may not require a non-resident entering into a partnership or association within its limits or making contracts enforceable there, to appoint an agent or representative in the State to receive service of process and notice in legal proceedings instituted with respect to such partnership, association or contracts or to designate a place where such service may be made and notice given, and provide, upon their failure to make such appointment or to designate such place, that service may be ,made upon a public officer designated for that purpose or in some other prescribed way, and that judgments rendered upon such service may not be binding upon the non-residents both within and without the State." This statement was entirely unnecessary to the decision of the question involved in that case, for the opinion concludes: "In the present case there is no feature of this kind, and, consequently, no consideration of what would be the effect of such legislation in enforcing the contract of a non-resident can arise." Obviously, the court considered what was said on this point as mere dictum. The precise question here involved has never been before the United States Supreme Court for decision. The reasoning in the case just referred to, as well as in *D'Arcy* v. *Ketchum,* 52 U. S. 165, *Webster* v. *Reid,* 11 How. 437, *Grover & Baker Sewing Machine Co.* v. *Radcliffe,* 137 U. S. 287, *Freeman* v. *Alderson,* 119 id. 185, *Wilson* v. *Seligman,* 144 id. 41, and *Scott* v. *McNeal,* 154 id. 34, does not seem to be in accord with the contention of counsel for appellant. The decisions on the question of the right of a foreign corporation to go into a State to do business are not in point on this question, as such a corporation may go into any State only as a mat-

ter of grace, and for that reason must submit to whatever conditions the State sees fit to impose.

This question as to this very statute has been passed on by two courts and the act held unconstitutional. (*Cabanne* v. *Graf*, 92 N. W. Rep. (Minn.) 461; *Moredock* v. *Kirby*, 118 Fed. Rep. 180.) It was held in both of these cases that it could not be implied from the fact that a person did business in the State that he consented to submit himself to the jurisdiction of the courts, in a personal action, by service of process upon his agent; that by doing business in the State he submitted his property which he sent into the State to the jurisdiction of its courts but did not submit his person. A similar statute was held unconstitutional by the courts of Delaware in *Caldwell* v. *Armour*, 43 Atl. Rep. 517.

Counsel for appellant insist that this statute has been held constitutional by the highest State court of Kentucky in *Guenther* v. *American Steel Hoop Co.* 116 Ky. 580, and *Johnson* v. *Westerfield's Admr.* 143 id. 10. It is true that this statute was upheld in those decisions, but it was distinctly stated in the first case, (p. 587,) that "the judgment complained of was not rendered on constructive service of process, nor is the question now raised as to what effect should be given the judgment beyond the confines of this State where the statute authorizing the mode of service which was followed is without force," plainly indicating that the court was not certain that the statute would be held constitutional in other jurisdictions.

Counsel for appellant argue in this connection that the Supreme Court of the United States held in the recent case of *Ballard* v. *Hunter*, 204 U. S. 241, that personal service upon non-residents was not always within the State's power, its process being limited by its boundaries, and that a constructive service, at times, was a necessary resource; that the fundamental requirement as to "due process of law" in such matters was an opportunity for hearing and

defense. What was said in that case must be considered in the light of the question there under consideration. It was a proceeding *in rem* with reference to the right of a State to levy taxes on property within its jurisdiction. Under all the authorities, in such a proceeding a constructive notice to the owner does not violate any constitutional provision. If the argument of counsel for appellant be followed to its logical conclusion on this point we cannot see any escape from the view that constructive notice, if actually received by the individual, would be as binding as personal service in any case.

A non-resident person, unlike a corporation, does business in any State of the Union, not by virtue of the consent of that State but under the Federal constitution. His property which he sends into the State he submits to the jurisdiction of its courts, but not his person. We do not see how it can be presumed that his right to do business in that State would be waived because of a statute like the one in question, where there was no necessity or consideration for his so doing. If the statute is unconstitutional as to an individual it cannot be held constitutional as to a partnership. The theory that a partnership is a legal entity, distinct and separate from the persons composing it, is not recognized by the laws of this State, (*Abbott* v. *Anderson,* 265 Ill. 285,) neither is it by the United States courts. *Francis* v. *McNeal,* 228 U. S. 695.

This question has been ably and exhaustively presented by the briefs of counsel. While we have not in this opinion referred particularly to all the authorities cited, we have given them each consideration. There may be some expressions in some decisions that tend to uphold the contention of counsel for appellant, but we think, under the reasoning of the Federal decisions and by the weight of authority in other jurisdictions, the statute in question, so far as it applies to personal service upon individuals or partnerships in this State, must be held unconstitutional.

This conclusion renders it unnecessary to consider the other questions argued in the briefs.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*