ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

MIDDLE DIVISION.

Knox Bros. *v.* E. W. Wagner & Co.*

(*Nashville.* December Term, 1918.)

1. PLEADING. Demurrer to pleas in abatement.

On demurrer to pleas in abatement to the jurisdiction, the averments of such pleas must be taken as true. (*Post, pp.* 351-352.)

Acts cited and construed: Acts 1859-60, ch. 89.

Constitution cited and construed: Art. 1, sec. 8.

2. PARTNERSHIP. Process. Due process of law.

A summons to a partnership, whose members are not resident within the state, served upon their local manager, in accordance with Thompson-Shannon Code, section 4542, is insufficient, where a merely personal judgment is sought against the parties. (*Post, pp.* 352-356.)

3. CONSTITUTIONAL LAW. Due process. Service on manager of partnership.

Thompson-Shannon Code, section 4542, is so far as it authorizes service upon a nonresident partnership, composed of nonresident partners, by delivery of summons to its local manager or agent

---

*On the question as to what service of process is sufficient to constitute due process of law, see note in 50 L. R. A., 577.

Knox Bros. v. Wagner & Co.

within the state, is in violation of Constitution. U. S. Amend. 14, section 1, relating to due process of law. (*Post, pp.* 352, 356.)

Acts cited and construed: Acts 1859-60, ch. 89.

Cases cited and approved: Louisville, etc., R. Co. v. Nash, 118 Ala., 477; Weaver v. Boggs, 38 Md., 255; Moredock v. Kirby (C. C.) 118 Fed., 180; Aikmann v. Sanderson, 122 La., 265; Coughlin v. Pinkerton, 41 Wash., 500; Pennoyer v. Neff, 95 U. S., 714; Toppins v. Railroad, 73 Tenn., 600; Railroad v. Walker, 77 Tenn., 481; Green v. Snyder, 114 Tenn., 100.

Case cited and distinguished: Flexner v. Farson et al., 268 Ill., 435.

Code cited and construed: Sec. 4542 (T. S.)

---

FROM DAVIDSON.

---

Error to the Circuit Court of Davidson County.— THOS. E. MATTHEWS, Judge.

JAS. L. WATTS, GEORGE E. BANKS, JR., and TATUM, THACH & LYNCH, for plaintiffs in error.

THOS. G. WATKINS and LEE BROCK, for defendants in error.

MR. JUSTICE HALL delivered the opinion of the court.

An action brought in the circuit court of Davidson county by W. C. Knox and I. L. Knox, composing the firm of Knox Bros., against E. W. Wagner & Co., to recover the sum of $3,000, alleged to have been deposited by the plaintiffs in error with E. W. Wagner & Co. as margins on alleged wagering contracts on the future price of wheat, which sum, it is alleged, was lost by the plaintiffs in error to the said E. W. Wagner & Co. in said wagering transactions.

Summons was issued to the sheriff of Davidson county, directing him to summon E. W. Wagner & Co. to answer the complaint of the plaintiffs below. The sheriff executed said summons by serving it on one T. M. Pritchett, the local manager of E. W. Wagner & Co. in Davidson county.

Pleas in abatement to the jurisdiction of the court were filed by E. W. Wagner and Ernest Tietgens, averring that E. W. Wagner & Co. was not a corporation, but was a partnership composed of E. W. Wagner and Ernest Tietgens; that E. W. Wagner and Ernest Tietgens were nonresidents of the State of Tennessee, and were citizens and residents of the State of Illinois, at the time said suit was instituted, and at the time process in the same was issued and served on T. M. Pritchett, and were still such nonresidents of Tennessee and residents of the State of Illinois, and had so been for a long time prior to the institution of said suit.

Said pleas in abatement further averred that the attempted service of process on them in said cause was made under chapter 89 of the Acts of 1859-60 of the General Assembly of Tennessee, and that such service was void because the statute authorizing this mode of service violates article 1, section 8, of the Constitution of the State of Tennessee, which provides:

"That no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land."

That said statute is also violative of section 1, article 14, of the Amendments to the Constitution of the United States, which provides:

"No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

These pleas in abatement were demurred to by the plaintiffs in error, and the case coming on to be heard before the circuit judge upon said pleas in abatement and demurrers, the demurrers were overruled, and plaintiffs in error electing to stand on their demurrers, and refusing to plead further to said pleas in abatement, a judgment was entered dismissing their suit. From this judgment they have appealed to this court, and have assigned the action of the circuit judge for error.

It is a well-established rule of practice in this State that, when the sufficiency of a pleading is tested by demurrer, the averments of the pleading must be taken as true. It must be, therefore, held, in accordance with the averments contained in said pleas in abatement, that E. W. Wagner & Co. is not a corporation, but is a partnership, composed of E. W. Wagner and Ernest Tietgens, and was such at the time the process was issued and served upon T. M. Pritchett, their local manager in Davidson county; further, that E. W. Wagner and Ernest Tietgens, at the time of the issuance of the summons, and at the time of its service, were non-residents of the State of Tennessee, and residents of the State of Illinois; that service of said summons was not had upon either E. W. Wagner or Ernest Tietgens, but alone upon T. M. Pritchett, their agent or local manager in Davidson county.

It is insisted by the plaintiffs in error that service of process upon T. M. Pritchett, the local manager of defendants in error, was binding upon them, and gave the court jurisdiction of their persons, for the purposes of said suit, under chapter 89 of the Acts of 1859-60 (Thompson's-Shannon's Code, section 4542). This statute reads as follows:

"When a corporation, company, or individual has an office or agency, or resident director, in any county other than that in which the chief officer or principal resides, the service of process may be made on any agent or clerk employed therein in all actions brought in such county against said company growing out of the business of, or connected with, said company or principal's business; but this section shall apply only to cases where the suit is brought in such counties in which such agency, resident director, or office is located."

It is insisted by defendants in error that this statute, in so far as it applies to nonresident individuals, violates the federal Constitution as to due process of law.

In *Flexner* v. *Farson et al.,* 268 Ill., 435, 109 N. E., 327, Ann. Cas., 1916D, 810, the court, in passing on the validity of a similar statute passed by the legislature of the State of Kentucky said:

"The several States of the Union are not in every sense independent, as many of the rights and powers which originally belonged to them are now vested in the federal government under the Constitution, but they possess and exercise the authority of independent States, except in so far as limited by that Constitution. Every State possesses exclusive jurisdiction and sov-

ereignty over persons and property within its territory, but no State can exercise direct jurisdiction and. authority over persons and property without its territory. To render the jurisdiction of any State court effectual in any case it is necessary that the thing in controversy or the parties interested be subjected to the process of the court. 'Certain cases are said to proceed *in rem* because they take notice rather of the thing in controversy than of the persons concerned, and the process is served upon that which is the object of the suit without specially noticing the interested parties, while in other cases the parties themselves are brought before the court by process. . . . Where a party has property in a State and resides elsewhere, his property is justly subject to all valid claims that may exist against him there; but beyond this, due process of law would require appearance or personal service before the defendant could be personally bound by any judgment rendered' ''—citing Cooley's Const. Lim. (6th Ed.), 496, 499; 2 Black on Judgments, section 906; 2 Freeman on Judgments (4th Ed.), sections 564-567; *Louisville, etc., R. Co.* v. *Nash,* 118 Ala., 477, 23 South., 825, 41 L. R. A., 331, 72 Am. St. Rep., 181; *Weaver* v. *Boggs,* 38 Md., 255; *Brooks* v. *Dun* (C. C.), 51 Fed., 138.

The Kentucky statute involved in that suit was section 51 of the Civil Code of that state, and reads as follows:

''In actions against an individual residing. in another State, or a partnership, association, or joint-stock company, the members of which reside in another State, engaged in business in this State, the summons may be served on the manager, or agent of, or person in

charge of, such business in this State, . . . in the
county where the cause of action occurred.''

The action was one of debt brought by Flexner in the
circuit court of Cook county, Ill., on a judgment ren-
dered by the circuit court of Jefferson county, Ky.,
again Farson, Son & Co., and in favor of Flexner. Serv-
ice was had upon William Farson only; the other mem-
bers of the partnership not being found.

In the original suit brought in the Kentucky court
the service of process upon William Farson was had
by serving it upon the alleged agent of Farson, Son &
Co., Washington Flexner; William Farson, Son & Co.
being nonresidents of the State. The Illinois court
held that the Kentucky statute was invalid, because
violative of the federal Constitution as to due process
of law, and its decision was affirmed by the supreme
court of the United States in a written opinion de-
livered by Mr. Justice HOLMES on January 7, 1919, 248
U. S.,—39 Sup. Ct., 97, 63 L. Ed.,——.

To the same effect are the holdings of the courts in
the cases of *Moredock* v. *Kirby* (C. C.), 118 Fed., 180;
*Aikmann* v. *Sanderson*, 122 La., 265, 47 South., 600;
*Coughlin* v. *Pinkerton*, 41 Wash., 500, 84 Pac., 14.

The same principle was announced in the celebrated
case of *Pennoyer* v. *Neff*, 95 U. S., 714, 24 L. Ed., 565.
In that case it was held that a personal judgment was
without validity if it were rendered by a State court
aganst a nonresident of a State who was served by
publication, and no personal service in the State was
made, and he did not appear; that a State, having
within its territory the property of a nonresident, may
hold it to satisfy claims of its citizens against him;
that its tribunals may inquire into its obligations to

the extent necessary to control the disposition of that property, but, if he has no property in the State, there is nothing upon which its tribunals can adjudicate. It was further held in that case that substituted service by publication, or in other authorized form, is sufficient to inform a nonresident of the object of the proceedings taken, where property is once brought under the control of the court by seizure or some equivalent act, but where suit is brought to determine the rights and obligations of the person—that is, where the suit is merely *in personam*—such constructive service is ineffectual for any purpose.

It is not insisted that any property of the defendants in error was attached or brought before the court in the suit at bar. The plaintiffs in error merely sought a personal judgment against them.

The cases of *Toppins* v. *Railroad,* 5 Lea, 600, and *Railroad* v. *Walker,* 9 Lea, 481, which are relied on by counsel for plaintiffs in error, have no application to the case at bar. Those cases relate to corporations which occupy a different *status* from that of nonresident individuals. When a foreign corporation enters the *State* for the purpose of doing business, it becomes subject to the laws of the State regulating such corporations, and the State may, through its proper representatives, enact a statute authorizing the services of process on its resident officers or agents in any suit which may be brought against it.

In the case of *Green* v. *Snyder,* reported in 114 Tenn., 100, 84 S. W., 808, which is cited by plaintiffs in error in support of their contention that the Act of 1859-60 is valid, and authorized the service of process upon the agent of defendants in error, the constitution-

ality of said statute does not seem to have been raised on the hearing, but was raised upon a petition to rehear in the supreme court, which petition was overruled. We think the overruling of the petition was, perhaps, due to the peculiar state of the pleadings in that case; but, however this may be, we feel that the holding of the supreme court of the United States in *Flexner* v. *Farson et al., supra,* is controlling.

The judgment of the court below is affirmed, with costs.