FROLICH & BARBOUR *et al., v.* C. C. HANSON *et al.**

*(Jackson.*   April Term, 1927.)

Opinion filed July 16, 1927.

1. **JURISDICTION OF THE PERSON.   Substituted process.**

The Court cannot acquire jurisdiction by constructive or substituted service of process to render personal judgment against a nonresident defendant who does not appear; the rule is otherwise with respect to resident defendants.   (Post, p. 604.)

Citing authorities noted on page 585, 50 L. R. A.

2. **SAME.   Same.   Statute.**

Case:   The defendant resided in Shelby County; he had an office and resident agent in Dyer County; suit was instituted in Dyer County and service of process had on the resident agent; plea in abatement to the jurisdiction of the person was interposed by defendant.   **Held:** Plea insufficient under the statute which reads: "When a corporation, company or individual has an office or agency, or resident director, in any county other than that in which the chief officer or principal resides, the service of process may be made on any agent or clerk employed therein in all actions brought in such county against said company growing out of the business of, or connected with, said company or principal's business; but this section shall apply only to cases where the suit is brought in such counties in which such agency, resident director, or office is located."   (Post, p. 603.)

Citing: Shannon's Code, sec. 4542.

3. **CONSTITUTION.   Due process.   Statute.**

The statute ('supra) in so far as it authorizes substituted service of process as to nonresidents is invalid as violative of the due process clauses of the State and Federal Constitutions.   (Post, p. 603.)

Citing: Shannon's Code, sec. 4542; Article 1, section 8, State Constitution; Article 14, section 1, Federal Constitution; Knox Brothers v. Wagner & Co., 141 Tenn. (14 Thomp.), 348, 350.

Differentiated: Toppins v. Railroad, 73 Tenn. (5 Lea), 600; Railroad v. Walker, 77 Tenn. (9 Lea), 481; Green v. Snyder, 114 Tenn. (6 Cates), 100.

4. SAME. Same. Same.

The statute (supra) is not unconstitutional as applied to citizens. The controlling and vital distinction lies in the residence or nonresidence of the person legislated about, the principle being, "every State possesses exclusive jurisdiction and sovereignty over persons and property within its territory, but no State can exercise jurisdiction and authority over persons and property without its territory." (Post, p. 604.)

Citing: Flexner v. Farson et al., 268 Ill., 435, 109 N. E., 327; (s. c. 248 U. S., 251, 63 L. Ed. 289). Also note 50 L. R. A., 585.

*Headnote 1. Constitutional Law, 12 C. J., section 1005; Process, 32 Cyc., p. 466.

---

## FROM DYER.

---

Appeal from the Chancery Court of Dyer County.— HON. V. H. HOLMES, Chancellor.

LATTA & LATTA, for appellee.

THOMAS A. EVANS, for appellant.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The bill in this case was filed in the Chancery Court of Dyer County against C. C. Hanson, alleged to be a resident of Shelby County, having in Dyer County an office and resident agent, and doing business there under the name of Churchill Compress. Service was had upon G W. Smitheal as such resident agent, pursuant to Section 4542 of Shannon's Code which provides that:

"When a corporation, company, or individual, has an office or agency, or resident director, in any county other than that in which the chief officer or principal resides, the service of process may be made on any agent or clerk employed therein in all actions brought in such county against said company growing out of the business of, or connected with, said company or principal's business; but this section shall apply only to cases where the suit is brought in such counties in which such agency, resident director, or office is located."

The constitutionality of this Section of the Code, in so far as it applies to an individual, was challenged by plea, which was overruled by the Chancellor for insufficiency. The defendant appeals and here insists that Section 8, Article I of our State Constitution, and Section I, Article 14 of the Federal Constitution, are violated by this provision for substituted service on individual defendants. Counsel rely chiefly upon *Knox Bros.* v. *Wagner & Co.*, 141 Tenn., 355, which they insist overruled *Green* v. *Snyder*, 114 Tenn., 103.

In the last-named case it was held that attachment cannot be resorted to in lieu of personal service on a defendant when the defendant has an office and agents in the county where suit is brought, thus bringing him within the purview of our service of process statutes (Shannon's Code, Sections 4516, 4542-4546). While the defendant in that case was a non-resident and an individual, no distinction was taken upon these facts. The constitutionality of the statute here challenged was necessarily recognized in its application to individuals, although the issue was not directly made.

*Knox Bros.* v. *Wagner, supra,* holds that in so far as the Code Section under consideration purports to authorize service upon *non-resident* individuals by substituted serv-

ice upon an agent, it violates the Federal Constitution as to due process of law. It goes no further. *Green* v. *Snyder, supra,* was not overruled, but was distinguished, in this—that it was remarked that in that case, as above stated, the constitutional question was not passed upon.

Neither of these cases is conclusive of the question now presented. It is obvious that the reason of the holding in *Knox Bros.* v. *Wagner, supra,* has no application to the instant case. That reason was the *non-residence* of the defendant. The opinion in that case quotes approvingly from *Flexner* v. *Farson et al.,* 268 Ill., 435, 109 N. E., 327, as follows: "Every State possesses exclusive jurisdiction and sovereignty over persons and property within its territory but no State can exercise direct jurisdiction and authority over persons and property without its territory." Here lies the vital and controlling distinction.

By the great weight of authority it is well within the power of the Legislature of a given state to provide for construction or substituted service upon its individual citizens. In an exhaustive note in 50 L. R. A., supported by abundant authority, at page 585, it is said, recognizing the distinction above emphasized, that, "As is shown by the cases cited in the preceding subdivision, the court cannot acquire jurisdiction by constructive or substituted service of process, to render a personal judgment against a non-resident defendant who does not appear, unless he can be deemed to have assented to such mode of services; but the rule is otherwise with respect to resident defendants—at least if they are within the State at the time of the attempted service."

This we think must be the holding, both upon authority and principle. The decree of the Chancellor is affirmed.

Green, C. J., Swiggart, Cook & McKinney, JJ., concur.