Clarence **ROBERTSON**

v.

**CUMBERLAND GAP FUEL COMPANY, D. D. Stewart, Sr.**

**Lincoln LAMBERT**

v.

**CUMBERLAND GAP FUEL COMPANY, D. D. Stewart, Sr.**

**Civ. Nos. 4297, 4298.**

United States District Court
E. D. Tennessee, N. D.

Jan. 15, 1962.

W. P. O'Neil, Knoxville, Tenn., for plaintiffs.

Ray H. Jenkins, Knoxville, Tenn., James S. Wilson, Pineville, Ky., for defendants.

ROBERT L. TAYLOR, Chief Judge.

This matter is before the Court on the motion of defendant to dismiss the complaints or in lieu thereof to quash the returns of service. Defendant also moved to dismiss for improper venue and on the ground of insufficiency of service of process.

In each case the plaintiff, pursuant to Section 16(b) of the Fair Labor Standards Act as amended, 29 U.S.C.A. § 216 (b), sued the defendant for unpaid minimum wages and overtime and for liquidated damages and attorney's fees.

Each plaintiff brought suit in the United States District Court for the Eastern District of Tennessee, Northern Division. In the affidavit of D. D. Stewart, Sr., which accompanied the motion to dismiss, affiant swore that Cumberland Gap Fuel Company is not a corporation, association, organization or partnership but that it is only a trade name under which affiant trades and does business, of which he is the sole owner. He further swore that he is a citizen and resident of Knox County, Kentucky; that he was such at the time of the filing of the complaints and that he is not and was never a citizen or resident of Tennessee.

Defendant was not personally served with process. The affidavit of William E. Petre, Deputy United States Marshal, which was attached to the briefs of plaintiffs in opposition to the motion to

dismiss, was to the effect that he (Petre) went on two separate occasions to Cumberland Gap, Tennessee, where defendant's coal tipple and scale house were located to serve him with process in these cases, but that he was unsuccessful on each occasion and returned the process on October 30, 1961.

The record shows that, thereafter, substituted service was made upon the Secretary of State of the State of Tennessee who mailed a certified copy of the summons and complaint to defendant, Cumberland Gap Fuel Company, by registered mail to P. O. Box 487, Pineville, Kentucky.

No issue has been made that defendant was not carrying on business in Tennessee. The sole question is whether the attempted service of process upon the Secretary of State was valid. The pertinent portions of Sec. 223 are:

"20–223. *Actions against unincorporated associations.*—Any unincorporated association or organization, whether resident or nonresident, including nonresident partnerships, doing or desiring to do business in this state by performing any of the acts for which it was formed, shall, before any such acts are performed, appoint an agent in this state upon whom all process may be served, and certify to the clerk of the circuit court of each county in which said association or organization desires to perform any of the acts for which it was organized the name and address of such process agent. If said unincorporated association or organization shall fail to appoint the process agent pursuant to this section, all process may be served upon the secretary of the state of Tennessee. Upon such service, the secretary of state by registered return-receipt mail shall forward a copy of the process to the last known address of such unincorporated association or organization. * * * *"

In McDaniel v. Textile Workers Union of America, 36 Tenn.App. 236, 254 S.

W.2d 1, the Court of Appeals construed the 1947 statute which is identical with the one now before us, except that the words "including nonresident partnerships" have been added by a 1959 amendment to the 1947 statute. The language of this decision is broad. It noted at page 6 that "the trend of modern decisions is to sustain the power of a state to provide for bringing in a nonresident individual who is doing business in the state of the forum by something other than personal service of process upon him within the state." In the next paragraph of the opinion, the Court said:

"It seems to us a non-resident who comes into a state and claims its protection in doing business therein and commits a wrong, whether by breach of contract or tort, and then invokes the 14th Amendment to evade process within the state is claiming greater 'protection' than that accorded citizens of the state for it is held that they are subject to substituted or constructive service of process *to the extent authorized by statute.* Frolich & Barbour, v. Hanson, 155 Tenn. 601, 296 S.W. 353, and authorities cited. *We think a state has a right in the exercise of the police power to protect its citizens against the inconveniences, often amounting to complete denial of redress, of going to a foreign state to sue for a wrong committed by one doing business within the state and arising out of business done within the state.* We, therefore, disagree with this holding of the learned Circuit Judge and hold the Act not violative of the 14th Amendment." (Emphasis added.)

The Court said in effect that nonresidents who come into a state and claim its protection in doing business and commit a wrong are subject to substituted or constructive service *"to the extent authorized by statute,"* but that "substituted or constructive service of process is wholly invalid in an action in personam *in the absence of statute."* (Emphasis added.)

In the McDaniel case, the court had no occasion to construe the meaning of the language of the statute. All that it did was to decide that a statute, providing for service of process upon resident or nonresident unincorporated associations or organizations doing business in a state by service upon the Secretary of State, did not violate the Fourteenth Amendment.

In Spencer Kellogg & Sons, Inc. v. Lobban, 204 Tenn. 79, 315 S.W.2d 514, the Supreme Court said at page 521, "We think the statute (20 TCA 223) an excellent one and obviously it is passed for the benefit of our citizens * * * where some unincorporated concern of the kind is *covered by the statute* and comes from out of the State and takes advantage of one of the citizens of our State. When they are doing business here then this right of process or right of action to make them a party applies. Under the facts as heretofore detailed * * * we do not think that this appellant brings itself within the statute."

In the Lobban case, a New York corporation sued in Tennessee an alleged member of a Louisiana partnership. Under Louisiana law a partner is not liable as an individual until the partnership obligation is established. The case was dismissed by the Chancellor and affirmed by the Supreme Court on the ground that since the partnership had not been sued and its liability fixed, a suit against an individual partner could not be maintained in Tennessee. The amendment of 1959 was enacted subsequent to the Lobban decision.

The Lobban case does not (nor does the McDaniel case for that matter) reach the question in our case, namely, whether a nonresident individual doing business in this case under a trade name may be sued by substituted service under 20 T.C.A. § 223. But the Lobban case does indicate that despite the desirability of the remedy, the Supreme Court will give a strict construction to the language of this statute.

Although the right to sue a nonresident individual in this state where such individual is doing an extensive business in this state would seem to be a salutary one, the Supreme Court of Tennessee in both the McDaniel and Lobban cases indicated by dictum that there must be statutory authorization. In 42 Am. Jur.—Process—sec. 64, it is said:

"§ 64. *When Allowable—Impracticability or Impossibility of Personal Service.*—Personal service is the primary method of obtaining jurisdiction over the person of a defendant, and, in the absence of a statute authorizing another method, service of process must be personal. The courts have no power to confer jurisdiction upon themselves by adopting a practice that admits of a substituted service in the absence of an authorizing statute, and may not under the guise of construction read into a statute a method of substituted service where there is no such method provided."

In Sugg v. Hendrix, 142 F.2d 740 (C. A.5), relied upon by plaintiffs, the applicable statute was broader, clearly covering service upon a nonresident *person.* Pertinent portions of that statute are copied below:

"Any non-resident, *person,* firm, partnership, general or limited, or any corporation not qualified under the constitution and laws of this state as to doing business herein, who shall do any business or perform any character of work or service in this state, shall, by the doing of such business or the performing of such work or services, be deemed to have appointed the secretary of state, or his successor, or successors in office, to be the true and lawful attorney or agent of such non-resident, upon whom process may be served in any action, accrued or accruing from the doing of such business or the performing of such work or service, or as an incident thereto by any such non-resident, or his, their or its agent, servant or employee." (Emphasis added.)

804

In United Mine Workers of America v. Meadow Creek Coal Co., 263 F.2d 52 (C.A.6), the Court of Appeals construed the same statute considered by the Court in the McDaniel case, saying at page 59:

" * * * we are of opinion that binding service of process upon appellant was made by service upon the Secretary of State of Tennessee, pursuant to section 8679.1 of the Supplement to Code of Tennessee of 1950, which provides that, where an unincorporated association or organization fails to appoint a process agent pursuant to the statute, process may be served upon the Secretary of State of Tennessee. See McDaniel v. Textile Workers Union of America, 36 Tenn.App. 236, 254 S.W.2d 1."

Professor E. E. Overton discussed the subject at length in an article in 22 Tenn. Law Review 237, going so far as to suggest the wording for a statute about which he felt there could be no question. He commented again on the subject in 12 Vanderbilt Law Review 1096, under the subject *Procedural Due Process* after the 1959 amendment. We quote from his commentary at page 1098:

"The United States Supreme Court decisions, and the decision in the McDaniel case, clearly would sustain a statute authorizing service upon the agent of a nonresident individual, limited of course to causes of action arising out of the doing of the business. As pointed out above, however, the statute has been held unconstitutional by the state supreme court; perhaps it should be re-enacted by the legislature if it is to have vitality. The 1959 act makes it clear that nonresident partnerships are subjected to the jurisdiction of Tennessee courts if they engage in business in Tennessee. *It would be helpful if it were equally clear whether nonresident individuals subject themselves to the jurisdiction of Tennessee courts by doing business in Tennessee.*" (Emphasis added.)

Professor Overton is not clear and neither is this Court that nonresident individuals subject themselves to the jurisdiction of Tennessee courts by doing business in Tennessee. We cannot say as a matter of law that an extensive business enterprise such as the Kentucky defendant conducted in Tennessee constitutes "an association or organization" such as to render him amenable to substituted service.

The motions of defendant must be granted.