KNAPP ET AL., APPELLANTS, v. DAY, APPELLEE.

4    21
23c 541
4    21
18  257

1. PRACTICE IN EQUITY CASES.
In chancery cases the court may, in its discretion, submit issues of fact to a jury for special findings, but it may set aside and disregard such findings.
2. FRAUD—INTENTION.
The question of intention is only a conclusion or deduction from the facts as disclosed. If the result of a transaction is fraud, the law supplies the intention or proceeds regardless of it.
3. FRAUDULENT CONVEYANCES—KNOWLEDGE OF GRANTEE.
If a husband fraudulently conveys his property to his wife to the prejudice of creditors, they may follow it, notwithstanding the honesty of the wife.

*Appeal from the District Court of Boulder County.*

Messrs. MINOR & STOCKTON, for appellants.

Mr. B. L. CARR and Mr. F. P. SECOR, for appellee.

REED, J., delivered the opinion of the court.

This was a suit in equity in the nature of a creditor's bill to subject certain property in the town of Longmont, the title to which was in appellant, Jane A. Knapp.

It appears that for some years prior to 1888, Charles Knapp had in his own name owned a farm or an equity in one, as it was incumbered by mortgage. In the year 1888 he sold his equity, taking his pay in horses; the horses so obtained were traded for the property in controversy. Prior to the conveyance the transactions, as shown by the evidence, were in the name of and supposed to be those of Charles Knapp. When the property was conveyed by the order of Charles Knapp, the conveyance was made to his wife, Jane A.

In November, 1885, Charles Knapp was indebted to Granville Holland in the sum of $600. Holland, wanting his money, a joint note was made to a bank for the amount by Knapp and Holland, Holland receiving the money. Knapp failing to pay it at maturity, Holland took it up. On September 1, 1886, Knapp executed a note to Holland for the amount, payable one year after date with interest until maturity at 10 per cent per annum, after maturity at three per cent per month. Some time prior to March, 1889, Granville Holland died and appellee became executor of his estate, and as such brought suit upon the note of Knapp and obtained judgment against Charles Knapp for $1,084.35, principal and interest. An execution was issued and returned wholly unsatisfied. This suit was brought to subject the property held by Jane A. Knapp to the payment of such indebtedness.

It is alleged that the indebtedness existed before and at the time of the conveyance of the property to Jane A., that all the consideration for such property was paid by Charles Knapp; that the conveyance was made to Jane A. in fraud of the rights of the creditors of Charles and to place the property beyond their reach; that Jane A. paid no part of

the consideration, had knowledge of the fraud and participated in it. Praying that Jane A. be deemed to be a trustee and holding the property in trust for Charles, and that the property be deemed to be that of Charles, and be subjected to the payment of the debt.

It was claimed by the wife that she was a creditor of the husband, that she had received some years before a legacy of $1,500, and that property traded for the horses and the horses traded for the Longmont property were hers individually, bought with her money which she had lent the husband, and that the horses had been transferred to her before being exchanged for the property. It does not appear that the relation of debtor and creditor had ever before received any recognition, no notes or written acknowledgment of an indebtedness had ever been given. The court submitted the question of the wife's title to a jury for its determination, and it found the property to belong to the wife. The finding of the jury was disregarded and set aside by the court, which found the property to be that of the husband and liable for the debt. In chancery cases, like the present, the court may, in the exercise of its discretion, submit issues of fact to a jury for special findings, and when found they are usually considered obligatory, but of the power of a court to set aside and disregard such findings there can be no question.

Under the statutes of this state the rights of the wife to manage and control her individual property are well established. The relation of debtor and creditor may exist between husband and wife as fully as if both were sole; the wife may deal with the husband as with a stranger, and in case of the insolvency of the husband he may pay the wife to the exclusion of other creditors, but the existence of the individual property and the *bona fides* of the debt must, as in other cases, be fully established. The relation of husband and wife, the natural desire to save the home or other property for the benefit of the family, and the opportunities for fraud and collusion, are such that courts are very cautious, more so than in other cases. Ordinarily, the claims of cred-

itor and debtor are antagonistic, but in this class of cases they are in harmony, and the debtor supports the claim of the creditor. In this case the evidence was not only to some extent contradictory, but the evidence of the receipt of the legacy and the existence of the debt were not established satisfactorily. It is assigned for error that the court refused to submit other questions of fact to the jury, as requested.

*First.* As to the intention of Knapp to defraud creditors in his transactions with his wife.

It is sufficient to say that the question of intention is only a conclusion or deduction from the facts as disclosed. If the result of the transaction was fraud, the law supplies the intention or proceeds regardless of the intention.

*Second.* As to the knowledge of the fraud by the wife and her participation in it.

It was unimportant whether the wife had knowledge or participated. If the husband fraudulently placed his property in the wife to the prejudice of creditors, they could follow it; the honesty of the wife would not legalize the conveyance.

It is urged that the court erred in admitting the testimony of Reed. The wife had testified that she received the legacy in registered letters at the Longmont office, that they came from an attorney whose name she could not recollect, that she first received a remittance of $600, and about a year afterwards one of $900. Reed, the postmaster, having charge of the records of the office, testified that the records did not show any such letters to have been received. While not conclusive, it was clearly admissible in rebuttal.

The other assignments, aggregated, are to the effect that the court erred in its findings and decree. I have carefully examined the evidence; it is one of those peculiar cases, where a court with equal honesty and propriety might have found either way. Facts and circumstances were against the honesty of the transaction. To overcome the presumption of fraud, the receipt of the money by the wife and the debt of the husband should have been established more sat-

isfactorily.   Failing, the debt having existed before the conveyance to the wife, the law makes her a trustee and she could only take subject to the existing claims of creditors. If a *bona fide* creditor, the proof was insufficient to establish the fact to the satisfaction of the court, which is to be regretted.

The judgment and decree must be affirmed.

*Affirmed.*