CRUDGINGTON v. HOGAN.

(*Knoxville.* October 13, 1900.)

1. GARNISHMENT. *Fund not subject to.*

A fund is not subject to garnishment by the depositor's creditor, which has been placed in bank, earmarked as a trust fund, and upon which check has been drawn, but not presented before service of garnishment, applying it, in accordance with an antecedent agreement, to the exoneration from liability for the depositor of the surety who signed the note with him to raise the fund.

Cases cited: McGuffey v. Johnson, 9 Lea, 555; Stockard v. Stockard, 7 Hum., 303; Wharton v. Lavender, 14 Lea, 178.

2. SAME. *Same. Parties.*

A surety upon a refunding bond given upon withdrawal of an attached fund during the progress of the cause, is sufficiently before the Court to authorize a decree settling his rights in the fund.

3. SAME. *Same. Same.*

The debtor whose funds are attached, may defend by setting up, in favor of a person not a party to the cause, a superior title derived from himself.

FROM KNOX.

Appeal from Chancery Court of Knox County. HUGH G. KYLE, J.

GREEN & SHIELDS and A. C. GRIMM for Crudgington.

SANSOM, WELCKER & PARKER for Hogan.

Crudgington *v.* Hogan.

WILKES, J.   This is a garnishment proceeding. Wright obtained a judgment against Hogan for about $200.   Parker became stayor of execution. When the stay expired Hogan borrowed $247 and executed for it his note with Parker as indorser. It was agreed between Hogan and Parker that enough of the money so borrowed should be used to pay off the judgment on which Parker was bound as stayor.   Hogan used $26.98 of the money for his private purposes, and, not being able to find Wright, deposited $220.02 in the Third National Bank of Knoxville.   This deposit he made in his name as executor and trustee.   In the afternoon of the same day he gave Wright a check for $220.02, the amount of the judgment and costs.   This check was not presented by Wright until the next day, and before it was paid or presented and before banking hours the bank was garnisheed by Crudgington, a judgment creditor of Hogan.   When the money was borrowed by Hogan he pledged a note which he held as executor and trustee as collateral for its payment.

The question is whether the funds in the hands of the bank can be held under the garnishment proceeding by complainant Crudgington.   The Chancellor held that they could; the Court of Chancery Appeals modified the decree of the Chancellor and held the fund liable only to the extent of $3.00, dividing the costs between the parties.

21 P—29

The complainant has appealed and assigned errors. The errors assigned are in holding that the funds in the hands of the bank were impressed with a trust in favor of Parker, and in further holding that the facts as stated made out a case of equitable appropriation of $220.02 of these funds to the payment of the debt for which it was borrowed. We are of opinion there is no error in the decree of the Court of Chancery Appeals. We leave out of consideration altogether the fact that Hogan, in addition to Parker's indorsement, pledged the note which he held as executor and trustee. The pledge of this note for such a purpose was entirely unauthorized, and no rights could accrue to either Hogan or Parker from its pledge, and it is a matter wholly foreign to the merits of this controversy.

It appears that Parker gave his indorsement upon the note in consideration and upon a previous promise that a sufficiency of the funds raised on it should be applied to the judgment on which he was stayor. After he obtained the money Hogan sought for Wright in order to pay off the judgment, but not finding him he deposited the money, not to his own credit, but to his credit as executor and trustee. Why this was done does not distinctly appear, but it is fair to infer that it was in order to keep the same separate from his own funds or to impress it with some sort of trust, so that it could not be taken

for his debts. He clearly intended to appropriate so much of it as was necessary to the payment of the judgment, and to effect this gave the check. This was in pursuance of the agreement made with Parker, and to carry that agreement into effect. It is true he used a small amount of the gross sum deposited for his own private purposes and left a surplus of $3.00 in the bank. For the latter the Court of Chancery Appeals gave judgment and that is not complained of. The amount drawn out for individual accounts is not involved, and these matters are only important to show that, as to this surplus over and above the amount required to pay the judgment, Hogan treated it as his own.

This does not at all militate against the idea that he appropited and set apart the $220.02 as a fund to pay off the judgment in pursuance of his agreement with Parker.

The case is practically the same as that of *McGuffey* v. *Johnson,* 9 Lea, 555. See also *Stockard* v. *Stockard,* 7 Hum., 303; *Wharton* v. *Lavender,* 14 Lea, 178-190.

The creditor of Hogan can occupy no higher ground than Hogan himself, and the question of notice is not involved, as the complainant does not assume the attitude of an innocent purchaser or transferee, but of a creditor.

It is said Parker is not before the Court and a trust in his favor cannot therefore be set up. This

position is not well taken. Parker is surety upon a bond executed in the progress of the cause, conditioned to refund the amount if Hogan is not successful in his suit, he having procured the fund upon a dismissal of the attachment and dissolution of the injunction. *Boiton* v. *Maddox*. 3 Shannon's Cases, 260.

But, in addition, his rights can be set up and protected by Hogan, who holds the fund under the agreement in trust for Parker's indemnity and benefit. The check was given to Wright and accepted by him before the garnishment proceedings were instituted, and he accepted the same as a payment of his judgment.

We are of opinion that the fund was a trust fund for the payment of the judgment to Wright, so as to save Parker harmless, and the check given to Wright was an equitable appropriation of it according to the agreement and the decree of the Court of Chancery Appeals is affirmed.