[No. 2203.]

THE COLORADO TRADING AND TRANSFER COMPANY v. THE ACRES COMMISSION COMPANY.

**Fraud—Transfer of Property to Corporation—Possession—Attachment—Innocent Purchaser—Preferred Creditor.**

Where a partnership which was indebted to a greater amount than the value of its assets organized a corporation to which the firm transferred its assets, there being no apparent change in the conduct and management of the business, the same member of the old firm who had charge prior to transfer to the corporation having charge afterwards, the transfer was in fraud of creditors and the property transferred was subject to attachment as the property of the old partnership.  And a creditor of the old firm who assisted in the organization of the corporation and purchased a half interest therein with full knowledge of the facts was not an innocent purchaser, neither was he entitled to protection as a preferred creditor.

*Appeal from the County Court of Teller County.*

Mr. CHAS. D. GURNEY, for appellant.

WILSON, P. J.

The evidence discloses the following state of facts.  On December 13, 1898, Walter H. Acres, Aus-

tin E. Acres and W. J. Bainard, as copartners, were and for some time previous had been engaged under the firm name and style of The Acres-Bainard Commission Company, in carrying on a general wholesale and retail hay, grain, flour, feed, produce and fuel business in the Cripple Creek mining district, at the town of Victor; that on said day this firm was indebted to the appellant company in the sum of $900.00, and to one G. E. Ady, who was engaged in a similar business at the city of Denver in the sum of $1,055.00, making a total indebtedness by the firm of $1,955.00. That on said day the assets of the firm, consisting principally of office furniture and fixtures, and horses and wagons used in carrying on the business, were valued by the firm at about $1,400.00, but the court in the trial of this suit found the value to be only $650.00. On said December 13, the members of the firm, in connection with a Mr. Hulkill who was the agent and representative of the creditor Ady, organized a corporation to be known as The Acres Commission Company, the articles of incorporation being signed by Hulkill and the two Acres; and to this corporation the commission company conveyed its property by bill of sale of date December 14. This corporation was formed and the property of the old firm transferred to it at the suggestion of the creditor Ady, he proposing to take a half interest in it. Contemporaneous with this, on the same day, The Acres-Bainard Commission Company gave Mr. Ady its check or draft on a bank for $1,000.00, which is claimed to have been in part payment of its indebtedness to him, and at the same time Mr. Ady gave to the commission company his personal check or draft on a bank for $1,000.00, which it is claimed was in payment for a one-half interest in the corporation. As, however, this amount exceeded the inventoried value of the one-half of the property

of the corporation by $300.00, the members of The Acres Commission Company gave to him their notes for $300.00. The balance of $55.00 on the Ady debt was subsequently paid in some other way, it is claimed. During all of this time Mr. Ady had full knowledge of the indebtedness to appellant by The Acres-Bainard Commission Company. There was no apparent change in the conduct and management of the business. The same Mr. Acres who had the charge and management of it prior to the incorporation, had the same afterwards. Subsequently, the appellant commenced suit on its account against the parties composing the firm of The Acres-Bainard Commission Company, and seized under writ of attachment a part of the property formerly belonging to the firm and transferred by it to the corporation. Thereupon the corporation intervened, claiming ownership of the property attached, and judgment being in its favor, the appellant appeals. There is no conflict of evidence as to the facts upon which the question presented on this appeal depend. The testimony discloses no dispute between the parties except as to the value of the property. The usual rule, therefore, which precludes this court from reviewing the findings of the trial court upon questions of fact, unless manifestly against the evidence, does not prevail.

It seems clear to us from the facts presented that the attempted transfer of the property to the corporation was without consideration and voluntary, and the commission company being at the time clearly insolvent, was a fraud upon its creditors. This being the case, the appellant creditor had a right to treat the pretended transfer as a nullity, and to proceed against the property as he did by attachment. It is not pretended that there was any consideration for the transfer, moving from the corporation. Mr. Ady knew at the time that the firm was insolvent and

also the fact of its indebtedness to appellant. He was hence in no sense an innocent purchaser for value without notice, even if he did pay the sum claimed as a *bona fide* consideration. But the evidence shows that he was dealing with the firm as a purchaser, not as a creditor. He bought from it a one-half interest in the corporation to which its assets were subsequently transferred by bill of sale without any consideration.

No question as to the right of an insolvent debtor to prefer a creditor is involved. The transfer by the debtor firm was not to Mr. Ady. The corporation to whom the transfer was made was not a creditor. Besides if it be conceded that the giving of the draft for $1,000 by the firm to Mr. Ady was intended *bona fide* as payment of the firm's indebtedness to him, and was so received, then it must be held that thereupon Mr. Ady immediately ceased to be a creditor, and that in subsequently buying from the firm a one-half interest in the corporation, he was not dealing with it as a creditor, and had full knowledge of appellant's rights. It is, however, with the dealings between the corporation and the commission firm that we are specially concerned and upon which this appeal depends, and not with the transactions between the firm and Mr. Ady. Giving due consideration to all of the facts and circumstances shown by the evidence, we think there can be no other reasonable conclusion than that the transfer to the corporation was a fraud upon the appellant and other creditors if any existed. Fraud is a conclusion of law from the facts stated, and it may be committed in, or arise from the transfer of a debtor's property to a corporation as well as by the transfer to an individual. We cite a few authorities in support of the views above expressed.—*Robinson v. Canal Co.,* 2 Colo. App. 26; *Knapp v. Day,* 4 Colo. App.

24; *Rose v. Dunklee,* 12 Colo. App. 412; *Wells v. Schuster-Hax Nat'l Bank,* 23 Colo. 541; *Booth v. Bunce,* 33 N. Y. 157; *Kellogg v. Douglas County Bank,* 58 Kan. 44; *Terhune et al. v. Skinner* (N. J.), 19 Atl. 377; Cook on Corporations, 4th ed., § 675; Thompson, Corporations, § 4155.

The judgment will be reversed.

*Reversed.*