Mrs. Annie Lamb *v.* J. R. Quigg *et al.*

(*Nashville,* December Term, 1932.)

Opinion filed June 24, 1933.

Branhan Houston, tfor plaintiff in error.

CANADA & RUSSELL, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit, begun by attachment in the circuit court of Shelby County, was, as we understand the order below, dismissed in that court, and the plaintiff has appealed.

The declaration alleged that defendant Quigg was liable to her in the sum of $50,000 for an attempted assault upon her person; that said defendant was a nonresident of the State of Tennessee and a resident of the State of Missouri; that defendant Kansas City Terminal Railway, Inc., was a Missouri corporation largely indebted to defendant Quigg; and that defendant St. Louis-San Francisco Railway Company, Inc., was a corporation doing business in Shelby County, Tennessee, and was largely indebted to Kansas City Terminal Railway, Inc. A *fiat* was obtained and an original attachment issued and was served by garnishment on St. Louis-San Francisco Railway Company, Inc., impounding all money due by that defendant to Kansas City Terminal Railway, Inc.

The plaintiff undertakes to justify the procedure followed by reason of section 9406 of the Code and section 9397.

Section 9406 is as follows:

"When any person, who is a nonresident of the state A, has any choses in action, or any other property in this state due from or in the hands of B, or otherwise, and is indebted to any person who is a nonresident C, and the last named nonresident C, shall be indebted to any citizen of this or any state or states D, it shall be lawful

for the last named creditor D, without having first secured a judgment at law, to file a bill in chancery to have said debts, choses in action, or other property due from or in the hands of B, or otherwise, attached, and the person B who owes said debts to said nonresident A, and the person in whose possession such choses in action or other property may be due from or in the hands of B, or otherwise, shall be made defendants to the bill.''

Section 9396 of the Code enumerates the grounds of attachments, and section 9397 provides:

''In all actions for torts, brought in any court or before any justice of the peace having jurisdiction thereof, where the defendant is a nonresident of this state, or falls within any of the provisions of the preceding section authorizing attachment to issue, it shall be lawful for the plaintiff to commence such suit by attachment in the same manner as suits are commenced upon contracts by existing laws; etc., etc.''

■ Section 9406 does not appear to have been construed in any opinion of this court and no elaborate consideration of this statute is here required. Under its very terms the statute can be employed only by a bill in chancery. It is not available in a suit at law.

■ True section 9397 provides that a plaintiff in tort can commence such a suit by attachment in the same manner as suits are commenced upon contracts. This statute, however, does not enlarge the powers of the circuit court. It does not confer upon the circuit court authority to entertain procedure which is only cognizable in the chancery court, such as the procedure authorized by section 9406.

■ An action in tort like this one cannot be brought

in the chancery court at all and the remedy in chancery afforded by section 9406 is simply not obtainable in the circuit court.

Affirmed.