RAY DIETZ *vs.* NEW YORK LIFE INSURANCE COMPANY.

Suffolk.    May 21, 1934. — August 1, 1934.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Equity Pleading and Practice*, Parties. *Insurance*, Life: change of beneficiary.

In a suit in equity by a woman against a life insurance company to have the plaintiff's rights in a policy of life insurance upon her husband's life established and to have the defendant ordered to record her name as beneficiary, it appeared that the policy provided that the insured might change the beneficiary by notice in writing to the defendant at its home office, "accompanied by the policy for endorsement of the change thereon by the company, and unless so endorsed the change shall not take effect"; that the insured had duly made a third person the beneficiary in substitution of an earlier beneficiary, and had delivered the policy to the third person; that thereafter the insured, so far as he could without having possession of the policy, had made the plaintiff the beneficiary, and also had assigned the policy to her; that the defendant had refused to record the later change of beneficiary without having the policy delivered to it; and that the third person had refused to return the policy to the insured. *Held*, that
    (1) The third person was a necessary party to the suit;
    (2) The bill must be dismissed without prejudice.

BILL IN EQUITY, filed in the Superior Court on March 3, 1933, described in the opinion.

The suit was heard by *Weed*, J. Material findings by the judge and a final decree which he ordered entered are described in the opinion. The judge reported the suit for determination by this court.

*J. Wasserman,* (*H. L. Solar* with him,) for the plaintiff.

*R. Wait,* for the defendant.

LUMMUS, J.   Robert Dietz, the husband of the plaintiff, is the insured in three policies of life insurance issued by the defendant.   The policies provided: "The insured may at any time, and from time to time, change the beneficiary, provided this policy is not then assigned.   Every change of beneficiary must be made by written notice to the company at its home office, accompanied by the policy for endorsement of the change thereon by the company, and unless so endorsed the change shall not take effect.   After such endorsement the change shall relate back to and take effect as of the date the insured signed said written notice of change, whether the insured be living at the time of such endorsement or not."

In 1926, Robert Dietz delivered the policies to a partnership called Balfour, Williamson and Company, located in New York, and duly made that partnership the beneficiary of the policies in the place of earlier beneficiaries.   The answer suggests that that partnership may have rights as assignee, as well as beneficiary, of the policies, but that has not been determined and cannot be determined in the absence of that partnership as a party.   The answer suggests also that the rights of Balfour, Williamson and Company have passed to a corporation called Balfour Guthrie & Company, Ltd., but that has not been determined for the same reason.

On March 15, 1932, Robert Dietz changed the beneficiary of the policies to the plaintiff, so far as he could do so without having the possession of the policies.   The defendant refused to record the change in the absence of the policies. See *Goldman* v. *Moses, ante,* 393.   Balfour, Williamson and Company, though requested, have refused to return the policies to Robert Dietz.   On February 23, 1933, Robert Dietz made an assignment of the policies to the plaintiff.

The bill prays that the rights of the plaintiff as beneficiary be determined, and that the defendant be ordered to record her name as beneficiary in the place of Balfour, Williamson and Company.

In the absence of the partnership or corporation holding the policies and claiming rights in them, no decree can be made which will determine the rights of the plaintiff or furnish protection to the defendant. An indispensable party is wanting. *Gregory* v. *Stetson*, 133 U. S. 579. *Waterman* v. *Canal-Louisiana Bank & Trust Co.* 215 U. S. 33, 48, 49. *Rumsey* v. *New York Life Ins. Co.* 59 Colo. 71. The order for a decree dismissing the bill without prejudice was right, and such a decree is to be entered, with costs.

*So ordered.*