Dickson *v.* Simpson *et al.*

*(Nashville,* December Term, 1937.)

Opinion filed March 5, 1938.

CANALE, GLANKLER, LOCH & LITTLE, of Memphis, for appellant National Bank of Commerce in Memphis.

McDonald & McDonald, of Memphis, for defendants Simpson and West Memphis Gin Co.

Edgar Webster, of Memphis, for appellee.

Mr. Justice Chambliss delivered the opinion of the Court.

Complainant, a resident of Shelby county, Tenn., charged that West Memphis Gin & Supply Company, "a nonresident corporation organized and existing under the laws of the State of Arkansas," with its "principal office in Crittenden County, West Memphis, Arkansas, is indebted to complainant in the sum of $500.00; that the nonresident Gin Company has" a deposit in a sum of money in excess of $500 with the Bank of West Memphis, which is a nonresident banking corporation doing business under and by virtue of the laws of the state of Arkansas; that said nonresident Bank of West Memphis, in turn, has a deposit with the National Bank of Commerce, "a banking institution doing business in Shelby County, Tennessee, in the City of Memphis, in a sum in excess of $500.00"; that the (Tennessee) Bank of Commerce is therefore indebted to the (Arkansas) Bank of West Memphis, and the (Arkansas) Bank of West Memphis is, in turn, indebted to the (Arkansas) Gin Company.

On this allegation of facts complainant prayed "that a writ of attachment issue and be served on the National Bank of Commerce, Memphis, Tennessee, attaching and impounding not less than $500.00 of the funds and monies of the Bank of West Memphis aforesaid."

Complainant caused publication to be made for the nonresident West Memphis Bank, and for the nonresi-

dent Gin Company, the principal defendant and alleged debtor.

National Bank of Commerce demurred on the grounds, briefly stated, that no cause of action or ground of jurisdiction was stated, save merely that it was indebted on a general deposit account to a nonresident banking corporation which is not subject to service of process in Tennessee, which nonresident banking corporation, in turn, is indebted to a nonresident defendant corporation which is not subject to service of process in Tennessee; and that in so far as any cause of action or ground of jurisdiction was sought to be conferred by section 9406 of the 1932 Code, relied on by complainant as authorizing his proceeding, this section was in contravention of "the law of the land" clause of the Constitution of Tennessee, article 1, section 8, and the "due process" clause of the Fourteenth Amendment to the Federal Constitution, and other state and federal constitutional limitations, and void.

The nonresident defendant, West Memphis Gin & Supply Company, filed a plea in abatement, raising substantially the same questions presented by the demurrer of National Bank of Commerce.

The chancellor overruled the demurrer and the plea, and allowed a discretionary appeal.

Complainant relies, as before stated, to sustain this proceeding by attachment and garnishment, on Code, section 9406, reading as follows:

"*Attachment against nonresident debtor of complainant's nonresident debtor.*—When any person, who is a nonresident of the state A, has any choses in action, or any other property in this state due from or in the hands of B, or otherwise, and is indebted to any person who

is a nonresident C, and the last named nonresident C, shall be indebted to any citizen of this or any state or states D, it shall be lawful for the last named creditor D, without having first secured a judgment at law, to file a bill in chancery to have said debts, choses in action, or other property due from or in the hands of B, or otherwise, attached, and the person B who owes said debts to said nonresident A, and the person in whose possession such choses in action or other property may be due from or in the hands of B, or otherwise, shall be made defendants to the bill.''

Counsel for appellants appear to concede that this section authorizes the proceeding, but challenge the constitutionality of this Code section 9406, which is chapter 127 of the Acts of 1859-60, modified.

. The constitutionality of this statute does not appear to have been passed on by this court; the only reference thereto in our reported cases being found in the opinion of CHIEF JUSTICE GREEN in *Lamb* v. *Quigg,* 166 Tenn., 365, 61 S. W. (2d), 466, a suit against a nonresident brought in the circuit court of Shelby county to recover damages for assault upon the person, in which the plaintiff invoked this section and Code, section 9397. This court held that the circuit court was without jurisdiction to entertain proceedings under these Code sections, and that such an action for tort could not be brought in the chancery court at all. In the course of this opinion it was said that: ''Section 9406 does not appear to have been construed in any opinion of this court, and no elaborate consideration of this statute is here required. Under its very terms the statute can be employed only by a bill in chancery. It is not available in a suit at law.''

However, while the learned chancellor appears to have

been strongly of opinion that the section invoked is unconstitutional, he felt bound by what he construed to be a recognition of its validity by the former Court of Chancery Appeals, in *Mountain City Mill Co.* v. *Waller & Company,* 1 Tenn. Chancery Appeals, 629, to which reference will be later made. We quote the following excerpts from the opinion of the chancellor, as contained in the brief of counsel for appellant:

"While this Court is of opinion that the statute does violate the due process clauses of both the State and Federal constitutions, the above decision of the Court of Chancery Appeals is binding on this Court until overruled by the Supreme Court. . . .

"This Court is of opinion that there is no *res* on which to base an *in rem* proceeding, because the deposit of the West Memphis Bank in the local National Bank of Commerce is in no constitutional sense the debt or property of the West Memphis Gin Co., the principal debtor. There is no property in the hands of the local Bank, nor any cause of action on which the Gin Company could sue the local Bank. The legislature could not change this fact by *fiat* of its enactments, as it has attempted to do.

"If the property or demands in this State belonging to non-resident A may be seized because A owes non-resident B, the principal debtor, then the legislature could as well provide for seizure of A's property or demands because of a series of non-resident debtors and creditors intermediate A and B *ad infinitum* and without geographical limit."

The facts being as hereinbefore stated, counsel for appellant assign error to the action of the chancellor, and assert the following propositions to be sound, applicable, and controlling:

"The jurisdiction of a nonresident not subject to personal service cannot be acquired by attachment levied by garnishment on a resident debtor of a non-resident debtor of the nonresident defendant; and a decree based upon any such attachment would not be entitled to full faith and credit under section 1 of article 4 of the Federal Constitution.

"No sovereign can extend its process beyond its territorial limits to subject either person or property to its judicial decisions; and every such exertion of authority is a mere nullity.

"Therefore, section 9406 of the 1932 Code of Tennessee is unconstitutional and void insofar as the same purports to confer upon complainant any right of action against National Bank of Commerce in Memphis merely as a resident debtor of a nonresident debtor of a nonresident defendant; or insofar as the same may purport to confer any jurisdiction upon the courts of this State in this cause, for the reason that the same would be in violation of section 8 of article 1, section 17 of article 1, section 20 of article 1, and section 8 of article 11 of the Constitution of Tennessee, and of section 1 of the Fourteenth Amendment to the Federal Constitution."

These propositions in more detail and in varying form are repeated on the brief and amply supported by textbook and decision authorities.

We condense and restate therefrom, with selected citations, as follows:

■ ■ Jurisdiction of proceedings *in personam* may be acquired only by personal service of process within the territorial limits of the state of action, or by voluntary waiver thereof (as, for example, under statutory provisions for actions against alleged tort-feasors in au-

tomobile cases). And, in proceedings *in rem,* without personal service, only when some *res* of the nonresident defendant is found and impounded within the territorial limits of the state of action, and then only to the extent of such *res;* and it is essential in these cases that the seizure shall be had at the commencement of the proceedings and opportunity shall be afforded the owner thereof to be heard. *Pennoyer* v. *Neff,* 95 U. S., 714, 24 L. Ed., 565; *Wilson* v. *Seligman,* 144 U. S., 41, 12 S. Ct., 541, 36 L. Ed., 338; *Chicago, R. I. & P. Ry. Co.* v. *Sturm,* 174 U. S., 710, 19 S. Ct., 797, 43 L. Ed., 1144; *Harris* v. *Balk,* 198 U. S., 215, 25 S. Ct., 625, 49 L. Ed., 1023, 3 Ann. Cas., 1084; *Clark* v. *Wells,* 203 U. S., 164, 27 S. Ct., 43, 51 L. Ed., 138; *New York Life Insurance Co.* v. *Dunlevy,* 241 U. S., 518, 36 S. Ct., 613, 60 L. Ed., 1040; *Paper Co.* v. *Shyer,* 108 Tenn., 444, 67 S. W., 856, 58 L. R. A., 173; *Knox Bros.* v. *Wagner & Co.,* 141 Tenn., 348, 209 S. W., 638; Cooley's Constitutional Limitations, 8th Ed., pp., 852-856; *Fitzsimmons* v. *Johnson,* 90 Tenn., 416, 424, 17 S. W., 100.

Garnishment proceedings serve only to subrogate the plaintiff therein to the rights of the debtor against the garnishee, and the plaintiff can enforce no rights against the garnishee that his debtor could not enforce. *North Chicago Rolling Mill Co.* v. *St. Louis Steel Co.,* 152 U. S., 596, 619, 14 S. Ct., 710, 38 L. Ed., 565, 573; *Metropolitan Life Ins., Co.* v. *Hightower,* 211 Ky., 36, 276 S. W., 1063, 44 A. L. R., 1158, 1161; *Wood* v. *Thomas,* 39 Tenn. (2 Head), 160, 163; *Nolen* v. *Crook,* 24 Tenn. (5 Humph.), 312; *Crudgington* v. *Hogan,* 105 Tenn., 448, 58 S. W., 642.

It is, of course, well settled that a general bank deposit, such as the Arkansas bank had with the defend-

ant Memphis bank, is an ordinary debt; the relationship being simply that of debtor and creditor. Michie on Banks and Banking, 1932 Ed., Vol. V, p. 14; Morse on Banks and Banking, 6th Ed., Vol. I, pp. 665, 667; *Grigsby* v. *People's Bank,* 158 Tenn., 182, 11 S. W. (2d), 673; *Wagner* v. *Bank,* 122 Tenn., 164, 122 S. W., 245, 28 L. R. A. (N. S.), 484, 135 Am. St. Rep., 869, 19 Ann. Cas., 483; *New York County Bank* v. *Massey,* 192 U. S., 138, 24 S. Ct., 199, 48 L. Ed., 380.

■ No State can extend its powers beyond its own territorial limits, so as to subject either persons or property to its judicial decisions, and every assertion of such extension of authority is a nullity. Story's Conflict of Laws, section 539; Freeman on Judgments, 5th Ed., p. 3042; *Pennoyer* v. *Neff, supra.*

■ In order to comply with the jurisdictional requirements essential under the "full faith and credit" and "due process" clauses of the Federal Constitution, and the "law of the land" clause of the State Constitution, in garnishment proceedings against a nonresident defendant, personal jurisdiction must be acquired by the court over the garnishee while he is within the territorial jurisdiction of the state, even though only there temporarily, and the debt so impounded must be such that an action could be maintained thereon in that jurisdiction by the nonresident defendant against his debtor, the garnishee. *Harris* v. *Balk,* 198 U. S., 215, 25 S. Ct., 625, 49 L. Ed., 1023, 3 Ann. Cas., 1084; *Louisville & N. R. Co.* v. *Deer,* 200 U. S., 176, 26 S. Ct., 207, 50 L. Ed., 426; *Baltimore & O. R. R. Co.* v. *Hostetter,* 240 U. S., 620, 36 S. Ct., 475, 60 L. Ed., 829; Freeman on Judgments, 5th Ed., Vol., III, pp., 2911, 2912, section 1413; 4 Am. Jur., p. 590, section 67; 28 C. J., pp., 43, 47,

sections 45, 46; 28 C. J., p. 93, section 120; 28 C. J., pp. 241, 243, section 336; 12 R. C. L., pp., 778, 779, section 8.

Counsel's deductions from these propositions, in application to the facts of the instant case, are thus stated on the brief, with the additional citations indicated:

"Therefore, giving proper effect to the foregoing well settled principles, it is manifestly in contravention of every fundamental conception of the nature of jurisdiction and of due process to hold that the courts of a state may exercise jurisdiction over the person or property of a nonresident defendant not within the jurisdiction of the court, merely because a resident is generally indebted to another nonresident (who likewise is not within the jurisdiction of the court) who, in turn, is generally indebted to the nonresident defendant.

"In so far as Section 9406 of the 1932 Code attempts to confer any such jurisdiction, it is but an attempt of the sovereign to extend its powers beyond its own territorial limits and is an illegitimate assumption of power and a nullity. *Jones* v. *Huntington,* 9 Mo., 249; *Palmer* v. *Bank of Sturgeon,* 281 Mo., 72, 218 S. W., 873; *Bank of Jasper* v. *First National Bank,* 258 U. S., 112, 42 S. Ct., 202, 66 L. Ed., 490."

Our consideration and discussion is simplified by the apparent agreement of counsel for appellee Dickson to the soundness of these legal propositions, differing only as to their controlling application to the facts of this case, and particularly the validity of the statute involved. He says that appellee does not seek a personal judgment against the principal defendant, nor does he seek to subject by his attachment property beyond the jurisdiction of the Tennessee court. He insists that "the *res* that was seized" was within the ju-

690

risdiction, and that personal service was had upon the bank, in whose possession it was.

But this argument disregards this determinative distinction: The *res* attached was the property of, in the form of a debt to, the Arkansas bank, not the debtor. Is it not essential to the validity of an attachment against a nonresident that the *res* seized shall be the property of this nonresident, or a debt due to this nonresident from the resident garnishee? Certainly, the Gin Company had no claim, or right of action, against the Memphis bank, which held no funds belonging to it, and it is axiomatic that the right of an attaching or garnishing creditor against the garnishee is measured and limited by that of the principal debtor in the garnishment proceeding.

Counsel for appellee thus states his argument that the requirement that provision must be made for a hearing by the nonresident defendant has been met in this case:

"Certainly the garnishee may be heard, as personal service was had on it, and the statute on publication of notice to nonresident defendants gives the non-resident defendant twelve months within which to appear and defend the action. Sections 9469-9481.

"Besides the provision for notice by publication and service by mail of a copy of the bill, it is necessary that the garnishee notify its creditor, the non-resident defendant, and if the principal defendant does not appear and defend the action, it must defend the action itself, as the garnishee is doing in this case. If the nonresident defendants in this case do not appear and defend the action it will be because they elect to not ap-

pear, they will receive notice both from the Clerk of the Court and the garnishee.''

In the first place, the statute invoked, Code, section 9406, makes no provision for the giving of such notice, and, in the second place, counsel cite no authority, and we know of none, sustaining such a notice to a nonresident as sufficient to give jurisdiction over him, in the absence of impounded *res* belonging to him.

Counsel for appellee submit that, ''The only serious question in this case, as we view it, is, Will the Courts of the foreign state be required to recognize proceedings under this statute in the courts of Tennessee under the full faith and credit clause of the Federal Constitution? If the Courts of the foreign state are required to recognize the proceedings of the courts of Tennessee when the courts of that State have exercised jurisdiction under this statute, the statute is a legal enactment of a law to protect and assist citizens of the State in enforcing their rights against citizens of other states.''

It is stated by counsel for both parties that Tennessee is the only state of the union having a statute similar to the one now before us, and that there are but two reported cases in which this statute has been considered, *Palmer* v. *Bank of Sturgeon*, 281 Mo., 72, 218 S. W., 873, and *Mountain City Mill Co.* v. *Waller & Co.*, 1 Tenn. Ch. App., 629, before mentioned.

This chancery appeals case was decided in 1901, and not appealed to this court. While the statute now before us was relied on, in part, and was very briefly referred to and was said in the opinion to be free from the constitutional objection made to it, this objection appears to have been on the ground that it violated inhibitions against class legislation. The question wheth-

er or not it contravenes the full faith and credit clause of the Federal Constitution, stressed here, was not discussed. Moreover, the facts of that case were materially different from those of the instant case. There, Waller & Co., a resident of Kentucky, drew a draft through a Kentucky bank on Mountain City Mill Company, of Chattanooga, for goods shipped, bill of lading attached. The mill company paid the draft to a Chattanooga bank and then filed the bill attaching this specific fund to enforce a debt against Waller & Co. The court held the Chattanooga bank to be the agent of the Kentucky bank, and that attachment of the fund in the hands of this resident agent bank, and service upon it as such, was a sufficient compliance with requirements for notice to the nonresident defendant affected. Here, then, was a resident agent and a specific fund, while in the case at bar the resident bank had no sort of agency relationship with the nonresident debtor, and there was no specific fund involved, but a general debt to a nonresident intermediary third party.

In commenting on this statute the opinion refers to but one authority as relied on for the defendant, namely, *Reimers* v. *Seatco Mfg. Co.*, 6 Cir., 70 F., 573, 30 L. R. A., 364, and remarked that this case did not apply, "because the fund sought to be reached is in the state, in the hands of the Chattanooga National Bank, the agent for collection of the Ohio Valley Banking & Trust Company. So being in the state, in the hands of the agent of the Ohio Valley Banking & Trust Company, and the latter company being indebted to a third person (A. Waller & Co.), and that third person (A. Waller & Co.) being indebted to a citizen of this state (the complainant), there could be no constitutional objection to a statute direct-

ing that all three (the holder of the fund in this state, the nonresident owner of that fund, and the person to whom the latter was indebted, the last being indebted to the complainant) of these parties should be brought together by the complainant in a litigation over the fund, and that it, the fund, should be disposed of according to the right of the matter by the substitution of credits as indicated. The fund is within the state, and the courts of the state have the right to deal with it, upon giving notice by publication in due form, as was done in the present case. We are therefore of opinion that the decree of the chancellor should be affirmed on the ground stated.''

For the reasons indicated, what was said in this chancery appeals case is to be considered in connection with the facts of that case and so limited.

On the other hand, the case of *Palmer* v. *Bank of Sturgeon, supra,* which was decided by the Supreme Court of Missouri, is well considered and reasoned, and deals directly with this same statute and the questions here presented. Indeed, the case at bar is even stronger in one particular on its facts, in that, in the Palmer Case, the Tennessee garnishee was an individual alleged to have, or control, a specific fund, while here we have a bank and a fund, general only, with no right or title in the nonresident bank correspondent to any specific part of the general funds of the resident bank.

We deem it unnecessary to quote at length from the opinion, which reannounces principles and cites some of the cases we have referred to in this opinion. In this Palmer Case, the Missouri debtor in the Tennessee proceeding was given a judgment against the Missouri bank in which he had a deposit, despite the plea and showing

by the Missouri bank that a Tennessee court, in application of this statute, had awarded a Tennessee creditor a decree for the fund owing to the Missouri bank by a resident of Tennessee. The substance of this holding in the Palmer Case is stated in the headnotes, as follows:

■ "Jurisdiction. No judgment of a state court can have any validity unless supported by a personal notice to the defendant, served within the state, or by his voluntary appearance and submission to the jurisdiction, except in so far as it may be directed against property actually in the state and therefore subject to its jurisdiction.

"In Rem. If the plaintiff at the time the garnishment judgment rendered against him and the defendant bank by the court of Tennessee had never been within that state, did not enter his appearance, and the money, of which it is claimed the Tennessee court acquired its jurisdiction *in rem,* was deposited in the defendant bank in Missouri, payable to plaintiff upon demand, he was not bound by the judgment of the Tennessee court impounding the money for the use of his Tennessee creditor; for that court, neither by statute nor otherwise, could acquire jurisdiction over him or the *res.*"

We approve this holding, which is in accord with views above expressed in this opinion, and conclude that the proceeding apparently authorized by this Code section 9406 is violative of the due process clause, in that it provides in no effective manner for service upon the nonresident debtor of the Tennessee creditor, or for the impounding of *res* in which the nonresident debtor has any interest subject to attachment or garnishment; and it follows that a decree resting on an application of this statute would not be entitled to "full faith and credit"

in the state of the nonresident. We must, therefore, hold this Code section unconstitutional and void.

The decree of the chancellor is reversed, and the cause remanded.