EDWARDS *v.* NEW YORK LIFE INS. CO. *et al.*

(*Jackson,* April Term, 1938.)

Opinion filed April 2, 1938.

H. W. LAUGHLIN, JR., and KING & KING, all of Memphis, for appellant, Insurance Co.

WINCHESTER & BEARMAN, of Memphis, for appellee, Edwards.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

From a decree of the chancellor in favor of complainant, defendant New York Life Insurance Company ap-

pealed. The Court of Appeals affirmed the decree of the chancellor and we granted defendant's petition for *certiorari*.

In 1923 complainant Edwards took out a policy of life insurance in the sum of $5,000 of which his mother, Mrs. May Edwards, was the beneficiary. Having married, he procured a change of beneficiary on November 10, 1934, agreeable to the terms of the policy, and his wife, Mrs. Julia V. Edwards, was made the beneficiary.

On April 13, 1935, while complainant was out of the city of Memphis, where they lived, his wife left him, without any notice, and went to the State of Michigan. The record discloses that she took all of the effects of the complainant that she could conveniently carry, among other things, this insurance policy. It appears that his wife has permanently parted from the complainant and that he has demanded of her the return of the policy of insurance. She has declined to return the policy, claiming some interest in it by assignment or otherwise, and she has advised defendant insurance company accordingly.

Complainant testified that he had himself paid all premiums on the policy, that under the terms of the contract he was entitled to change the beneficiary as often as he desired, that he had made proper application to defendant insurance company to have the beneficiary changed and the policy again made payable to his mother, Mrs. May Edwards. Defendant insurance company refuses to make the change of beneficiary, or to issue a duplicate policy with the beneficiary changed until the original policy is returned to it for proper indorsement. The bill prayed that the wife, Mrs. Julia V. Edwards, now a resident of Michigan, be made a party to the cause

by publication; that the defendant insurance company be required to issue a duplicate policy with the beneficiary changed as requested; and that the wife, Mrs. Julia V. Edwards, be required "to surrender the policy she now has in her possession and turn it over to the complainant so that he may change the name of the beneficiary from that of Mrs. Julia V. Edwards to May Edwards, as well as to retain the possession of said policy, or in lieu thereof for the court to cancel and make void the policy now held by the said defendant, Mrs. Julia V. Edwards, so that a duplicate may be issued by the co-defendant New York Life Insurance Company." Publication was duly made for Mrs. Julia V. Edwards but she filed no answer and did not make any appearance otherwise in the case.

The policy of insurance contains the following provisions:

"Assignment.—Any assignment of this policy must be made in duplicate and one copy filed with the company at its home office. The company assumes no responsibility for the validity of any assignment.

"Change of Beneficiary.—The insured may at any time, and from time to time, change the beneficiary, provided this policy is not then assigned. Every change of beneficiary must be made by written notice to the company at its home office accompanied by the policy for endorsement of the change thereon by the company, and unless so endorsed the change shall not take effect."

It will be observed that under the terms of the policy a change of beneficiary can be made if the policy "is not then assigned." While the record before us indicates that the complainant has not made any written assignment of his rights or interest in this policy of insurance, it appears that his wife is claiming some sort of fixed

or vested interest therein and she is in possession of the policy. Defendant insurance company is no doubt doing business and amenable to process in every state of the Union. Defendant insurance company insists that a decree in this case, to which Mrs. Julia V. Edwards is not a party, to the effect that she had no rights in the policy, would be no protection to it in another jurisdiction in which she might thereafter assert such rights. That for this reason it should not be required to issue the complainant a duplicate policy with the beneficiary changed, the original policy being outstanding and in the hands of Mrs. Julia V. Edwards in another state. We think this contention of the company is well made.

The complainant relies on *Perry* v. *Young,* 133 Tenn., 522, 182 S. W., 577, L. R. A., 1917B, 385. That decision was by a divided court, two of the five judges dissenting, and has been subjected to some criticism. See note following the report of that decision in L. R. A., 1917B, 385. *Perry* v. *Young,* was a suit to reform an insurance policy. The court had before it the insurance company, the insured, all the beneficiaries save one, and had before it the policy of insurance itself. One of the beneficiaries was a nonresident of the state, was not before the court, and was brought in by publication only. Under these circumstances reformation of the policy was decreed on the ground that the action was one *in rem.* While some of the language used in the opinion is rather broad, it does not appear that anything more was undertaken in *Perry* v. *Young* than to reform the policy. Only the form of the policy, the contents of the policy, was in issue in the case. The court was not called upon to dispose of the claim of the nonresident under the policy.

Another authority relied on by the complainant is

*Cameron* v. *Penn. Mut. Life Ins. Co.*, 111 N. J. Eq., 24, 161 A., 55, 56, New Jersey Court of Chancery. That was a case similar to *Perry* v. *Young*, a suit to reform a policy of life insurance, one of the beneficiaries being a nonresident brought in by publication. The vice chancellor distinguished another case and said:

"But here no money decree is sought against the nonresident defendant, and the policy, the *res*, against which a decree of reformation, if entered, will become effective, is in the possession of the complainant and within the control of the court. Such a decree, as to this defendant (the nonresident), will affect only the policy by determining its form, and will not be dispositive of her claim thereunder."

If the policy of insurance herein questioned was before us, we might follow *Perry* v. *Young* and *Cameron* v. *Penn Mut. Life Ins. Co.*, to the extent of reforming that instrument or directing a change of its terms. Treating the policy as the *res*, such action might be proper. But this is not the case before us.

■ The policy of insurance is beyond our jurisdiction. Moreover, we are asked to require the defendant, Mrs. Julia V. Edwards, to surrender the policy now in her possession, or in lieu to cancel and declare void that policy. Of course this court could not compel the nonresident defendant to surrender the policy, she being beyond our reach. Nor could we pass any decree cancelling the policy that would be effective to cut off her rights thereunder. *Paper Co.* v. *Shyer*, 108 Tenn., 444, 67 S. W., 856, 58 L. R. A., 173; *Pennoyer* v. *Neff*, 95 U. S., 714, 722, 24 L. Ed., 565.

■ It is generally held that a suit to reform a written

instrument is an action *in personam*. 23 R. C. L., 355; 53 C. J., 1003, 1010.

If such an action be treated as one *quasi in rem*, according to *Perry* v. *Young* and *Cameron* v. *Penn Mut. Life Ins. Co.*, surely that must be done on the theory that the written contract itself is the *res*. Here, we have no control of the *res*.

In *Cronbach* v. *Aetna Life Ins. Co.*, 153 Tenn., 362, 284 S. W., 72, 73, on the principle that equity regards as done that which ought to be done, this court indicated that it would give effect to the intention of the insured, under a policy similar to the one before us, by holding that a charge of beneficiary had been accomplished when the insured had done all that he could to comply with the provisions of the policy respecting the change. Quoting from 37 C. J., 584, "As where he sent a proper written notice or request to the home office of the company but was unable to send the policy by reason of circumstances beyond his control, as where it has been lost, or was in the possession of another person who refused to surrender it or was otherwise inaccessible," etc. There was no intimation in this, however, that the court would pass a decree directing a change of beneficiary which could be effective to cut off the rights in the policy of some party not before the court.

We do not find support in any authority for the decrees of the courts below unless it be found in *Perry* v. *Young* and *Cameron* v. *Penn Mut. Life Ins. Co.*, and these cases we have distinguished. On the contrary, it is quite generally held that, where there are conflicting claimants to the same obligation, each claiming the obligation separately, all must be made parties before the question of title can be determined in favor of either.

This rule has frequently been applied to controversies between beneficiaries of insurance policies. *Mahr* v. *N. U. F., Insurance Society*, 127 N. Y., 452, 28 N. E., 391; *Dietz* v. *New York Life Ins. Co.*, 287 Mass., 398, 191 N. E., 875; *Rumsey* v. *New York Life Ins. Co.*, 59 Colo., 71, 147 P., 337; *Dunlevy* v. *New York Life Ins. Co.*, 241 U. S., 518, 36 S. Ct., 613, 60 L. Ed., 1140.

The case last cited, *Dunlevy* v. *New York Life Ins. Co.*, is for all practical purposes conclusive of a case like the one *sub judice*. Since no decree that we might make against the nonresident wife with respect to her rights in this policy would be entitled to recognition in another state under the full faith and credit clause of the Federal Constitution and there is no *res* nor any person within this jurisdiction upon which such a decree could operate, no such decree should be passed.

We are not unmindful of the provision in the policy of insurance that ''Any assignment of this policy must be made in duplicate and one copy filed with the company at its home office.'' Various equities may have arisen in favor of the nonresident wife in this contract of insurance against which the provision quoted would afford no protection to defendant company. She has asserted such equities in advices to defendant company. If the company ignored this notice and undertook to cancel the policy in her possession, even under order of court, before which court she had not appeared, it is altogether probable that the company would have to respond to its policy obligations twice. That is just what happened to this same defendant in *Dunlevy* v. *New York Life Ins. Co., supra*. The report of that case in the lower courts showed that the policy was not even in possession of the

nonresident wife claiming that an assignment thereof had been made to her.

The decree of the Court of Appeals will be reversed, and the suit dismissed.