AMERICAN NATIONAL INSURANCE COMPANY

*v.*

BESSIE MAE NEWLAND et al.

(*Jackson,* April Term, 1957.)

Opinion filed May 3, 1957.

Rehearing Denied June 7, 1957.

Moss & Benton, Jackson, for appellant.

Spragins, Menzies & Spragins, Jack Woodall and George L. Morrison, Jackson, for appellees.

Mr. Justice Tomlinson delivered the opinion of the Court.

The bill of the Insurance Company is one of interpleader with a resident of Madison County, where the bill was filed, being made a defendant. Several Texas persons were sought to be made defendants by (1) publication and (2) a deposit in Court of what the Insurance Company called the entire *res* of the litigation, to-wit, the deposit being money in the amount owed by it under two life insurance policies which it issued.

By plea in abatement, the Texas defendant challenged the jurisdiction of the Court on the ground that they are residents of Texas. From the action of the Chancellor in sustaining this plea the Insurance Company has appealed.

According to its bill, the Insurance Company had issued in 1934 two policies on the life of one Finis La-Moyne. The beneficiary named in each policy was his sister, Myrtle Costley, a resident of Texas. She paid, so the insurance company is informed, all the premiums on these policies until her death in December of 1953.

Subsequent to the death of this sister, the Insurance Company, a Texas Corporation, received a ''request'' from the insured for a change of beneficiary to his daughter, Bessie Newland, a Madison County, Tennessee resident. He represented to the Company that the original policies in which his sister is named beneficiary had been lost. Accordingly, the Insurance Company issued ''duplicate policies in lieu of the originals''. It sent these to the insured. Thereafter, the Insurance Company declined the request of the insured to pay him the cash value of these policies because it was ''advised that the originals were still outstanding, presumably in the hands of ''the Texas defendants, being the administrator, next of kin, etc. of the sister named beneficiary in the original two policies.

With matters in this condition, insured died in Madison County, Tennessee in March of 1955. His daughter, who was the named beneficiary in each of the two policies issued ''in lieu of the originals'', submitted proof of loss, and requested payment.

The total payments called for by the two original policies, and by the two issued ''in lieu of'' the originals is $499.10. Simultaneously with the filing of its bill, the Insurance Company paid this amount into Court, saying that ''it cannot afford to run the risk of decision'' as to whether the Texas people or the Madison County, Tennessee daughter is entitled to this money.

The theory of the bill is that by reason of this deposit the Tennessee Court has jurisdiction of the *res* claimed by (1) the Texas people and (2) the Tennessee defendant; hence, under our non-resident statute (Code Section 16-617(1), (4) and (5) is vested with jurisdiction to determine who, as between the Texas people and the Tennessee defendant, gets this deposit.

One fatal fallacy of this theory is that the Insurance Company may have so handled this matter as to become liable to (1) the Texas people by reason of the two original policies and (2) the Tennessee defendant by reason of the policies issued in lieu of the two originals. The possibility of such a predicament upon the part of the Insurance Company in the situation portrayed by the Insurance Company's bill in this case is recognized in *Edwards v. New York Life Insurance Company,* 173 Tenn. 102, 114 S.W.2d 808. See also annotation thereof in 108 A.L.R., commencing at page 273 under head note IV.

A requirement precedent to the maintenance of an interpleader bill is ''that the complainant be liable to one only of the parties defendant, *never by any possibility to both.*'' (Emphasis supplied) *Newsum v. Interstate Realty Company,* 152 Tenn. 302, 303, 304, 278

S.W. 56. This bill does not meet that requirement since there is a possibility of liability to each set of defendants.

In the Newsum case, *supra,* there appears a statement appropriate here. It is:—"As aptly suggested by the learned chancellor, the defendants are each claiming *a commission,* not *the* commission, for making the sale." So, in the instant case, the Tennessee defendant is claiming a debt owed her by reason of insurance policies which she holds. The Texas people are claiming a debt owed them by the Insurance Company by reason of different policies held by them.

Another general rule applicable is stated in the Newsum case as follows:—"A double liability being legally possible, the complainant is not in that disinterested attitude which is essential" to the right to maintain a bill of interpleader. Appellant here is not in that disinterested position due to the possibility of double liability.

It follows, in the opinion of the Court, that the money deposited in the Tennessee Court is not the *res* within the meaning of the right to file an interpleader bill and bring in a non-resident defendant by publication, etc. into Tennessee, assuming that otherwise this is proper procedure under the facts of this case. Therefore, the action of the Chancellor in sustaining the plea in abatement was, we think, correct. That decree will be affirmed.

On Petition to Rehear.

The ground of the petition to rehear is stated therein as follows:

"But petitioner respectfully states that it believes that in its opinion in this case, filed May 3, 1957, the

Court has overlooked the one and only vital point in this lawsuit, in that the Court's entire decision here is founded on the fact that there *might* be a double liability on the part of the petitioner, when actually the only question involved in this appeal is whether the non-resident Texas defendants are properly in Court through service of process by publication."

The concluding statement in the opinion of the Court is this:

"It follows, in the opinion of the Court, that the money deposited in the Tennessee Court is not the *res* within the meaning of the right to file an interpleader bill and bring in a non-resident defendant by publication, etc. into Tennessee, assuming that otherwise this is proper procedure under the facts of this case. Therefore, the action of the Chancellor in sustaining the plea in abatement was, we think, correct. That decree will be affirmed."

When it is sought to obtain jurisdiction of a non-resident of the State by proceedings *in rem* without personal service, it is "only when some *res* of the non-resident defendant is found and impounded within .the territorial limits of the state of action, and then only to the extent of such *res*", does the Court of action obtain jurisdiction of the defendant who is a non-resident of that state and not served with personal process. *Dickson v. Simpson,* 172 Tenn. 680, 687, 113 S.W.2d 1190, 1192, 116 A.L.R. 380. See also *Roberts v. Frogge,* 149 Tenn. 181, 187, 258 S.W. 782.

The discussion with reference to the possibility of double liability upon the part of the Insurance Com-

pany was had in the course of determining whether there was any *"res"* belonging to the defendant within the territorial limits of the Madison County Chancery Court whereby that Court obtained jurisdiction to any extent of the Texas people, or their alleged claim against the insurance company.

The money in question was never the property of the Texas people. It was the property of the Texas Insurance Company, and, as such, deposited by that Insurance Company in this Tennessee Court with the request that this Court decide whether the insurance company owes it to these Texas people or to the Tennessee defendant.

In the Court's opinion, such money is not a *res* of the Texas people so as to authorize an *in rem* proceedings against them adjudicating to the extent of the deposit in Court the question of whether the Insurance Company is indebted to them by reason of the policy in question. Therefore, as heretofore adjudged, this Court concludes that the action of the Chancellor in holding that he did not have jurisdiction of these Texas people is correct.

The petition to rehear is denied.