337 P.2d 62

**Ralph B. STINE and Margaret E. Stine, Plaintiffs and Appellants,**

**v.**

**Henry GIROLA and Diane Girola and State Underwriters, Inc., a Nevada Corp., Defendants and Respondents.**

No. 8965.

Supreme Court of Utah.

March 30, 1959.

6. See Compton v. Ogden Union Ry. & Depot Co., 120 Utah 453, 235 P.2d 515.

Warren M. O'Gara, Salt Lake City, for appellants.

Delbert M. Draper, Jr., Draper, Sandack & Draper, Salt Lake City, for respondents.

WADE, Justice.

This is an appeal by Ralph B. Stine and Margaret E. Stine, plaintiffs below and appellants herein from an order of the court discharging a writ of garnishment served upon the Continental Bank and Trust Company and based upon an amended complaint and affidavit in support thereof. No personal service was had upon the parties in this state at the time of the trial. Plaintiffs alleged that all the parties to the suit were residents of Nevada. It was also alleged that defendants Henry Girola and Diane Girola were indebted to plaintiffs as evidenced by promissory notes and a check; that for the purpose of defrauding creditors and with the intent to conceal their property, funds and credits the Girolas transferred such property, funds and credits to the defendant State Underwriters, Inc., a Nevada Corporation of which the Girolas are the legal and equitable owners of all its stock; that the Girolas have no other property which is subject to attachment or execution.

It is respondents' contention that under the provisions of Rule 64C(a) U.R.C.P. which applies to garnishments as well as attachments that the property of a nonresident, not exempt from execution, may only be attached or garnisheed as security for the satisfaction of any judgment which may be recovered in actions based upon a judgment or upon any contract, express or implied, or in an action to recover damages for any tort committed by the non-resident and the affidavit in support thereof must specify that the defendant in the action is indebted to the plaintiff and the nature of the indebtedness. Respondents further contend that because the pleadings reveal that the indebtedness sued upon is that of the Girolas and the Girolas have no account with the Continental Bank and Trust Co., the garnishee, since the account of the garnishee is with the State Underwriters, Inc., a corporation, the cause of action of plaintiffs against that defendant must necessarily be based upon Sec. 25–1–15, U.C.A. 1953. This statute allows a creditor of a

matured claim to either set aside or disregard a conveyance or obligation which is fraudulent as to such creditor when such conveyance or obligation is made to one not a bona fide purchaser for value. Respondents argue that if plaintiffs' cause of action against the defendant State Underwriters, Inc., is one to set aside the conveyance under the Fraudulent Conveyance Act, then, because this would be an action in personam and since no service of summons was had upon that corporation, the court never obtained jurisdiction of the corporate defendant nor did it obtain jurisdiction of the res. They argue this is so because a general debt owed by the garnishee to this corporation which is not the principal debtor could not be subject to garnishment before judgment since the res impounded is not one in which the principal debtor has any interest upon which jurisdiction in rem can be obtained. In support of this contention they cite Dickson v. Simpson, 172 Tenn. 680, 113 S.W.2d 1190, 116 A.L.R. 380 and annotation. In that case it was held that a general debt owing by a garnishee to a non-resident debtor of the plaintiff's principal non-resident defendant (debtor) is not such a res upon which an in rem proceeding such as garnishment can be based so that jurisdiction can be obtained where no personal service has been obtained or appearance made by the debtor of the principal defendant. In that case no fraudulent transaction was involved.

We cannot agree with respondents' contention that under appellants' pleadings there was no res of a principal debtor which could be subject to garnishment. Although the defendant State Underwriters, Inc., is a legal entity, nevertheless such corporate existence as an entity separate and distinct from its shareholders may be ignored if necessary to circumvent the fraudulent purposes of sharesholders in its organization or management. As stated in 13 Am.Jur. Corporations, Sec. 7, pages 160–162:

"The doctrine that a corporation is a legal entity existing separate and apart from the persons composing it is a legal theory introduced for purposes of convenience and to subserve the ends of justice. The concept cannot, therefore, be extended to a point beyond its reason and policy, and when invoked in support of an end subversive of this policy, will be disregarded by the courts. Thus, in an appropriate case and in furtherance of the ends of justice, a corporation and the individual or individuals owning all its stock and assets will be treated as identical, the corporate entity being disregarded where used as a cloak or cover for fraud or illegality."

See also 13 Am.Jur. Corporations Sec. 8; Kellogg v. Douglas County Bank, 58 Kan. 43, 48 P. 587 and Colorado Trading & Transfer Co. v. Acres Commission Co., 18 Colo.App. 253, 70 P. 954. In these cases the courts held that a creditor could attach property fraudulently conveyed to a corporation and treat the transaction between such debtor and corporation as a sham.

The appellants' pleadings sufficiently averred a sham transaction between the Girolas and the State Underwriters, Inc. so that they should be considered as identical for the purpose of the garnishment proceedings instituted by appellants. The court therefore erred in discharging the writ of garnishment.

Reversed. Costs to appellants.

CROCKETT, C. J., and WORTHEN and McDONOUGH, JJ., concur.

HENRIOD, Justice (dissenting).

Under the particular facts of this case I feel constrained to dissent from the conclusion reached by the main opinion. The garnishee bank was the depository of funds in the name of State Underwriters, not Girolas. It was beholden only to any depositors who are shown to be debtors of plaintiffs. Since Stines did not allege that State Underwriters was their debtor, it would seem that the garnishment was ineffectual as to the account listed under the name of State Underwriters.